## NEWARK BANKING COMPANY *v.* NEWARK.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF NEW JERSEY.

Argued March 14, 15, 1887.—Decided April 4, 1887.

There is no material difference between this case and *Mercantile Bank* v.
*New York City, ante,* 138, and on the authority of that case this is af-
firmed.

IN equity. Decree below dismissing the bill. Complainant
appealed. The case is stated in the opinion of the court.

*Mr. Charles W. Wells* and *Mr. John W. Taylor* for appel-
lant.

*Mr. Joseph Coult* and *Mr. John R. Emery* for appellees.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is a bill in equity filed by the appellant, a national
bank organized under the act of Congress, doing business in
the city of Newark, New Jersey, the object and prayer of
which are to enjoin the collection of taxes assessed upon the
individual shareholders therein, on the ground that, according
to the laws of New Jersey, under which the assessment has
been made, the rate of taxation is greater than that assessed
upon the moneyed capital in the hands of the individual citi-
zens of the state. This alleged inequality, it is contended,
results from certain exemptions authorized by the laws of
New Jersey, whereby a material portion of the moneyed capi-
tal in the hands of individuals is freed from taxation.

According to the allegations of the bill, these exemptions
consist, 1st, of the shares of capital stock held by individuals
in all private corporations of the state, " except banking insti-
tutions, and except those which by virtue of any contract in
their charters or other contracts with this state are expressly
exempted from taxation, and except mutual life insurance

companies specially taxed," which exemptions, it is charged, amount to the sum of $301,485,000; and, 2d, of the deposits in savings banks, amounting to the sum of $24,017,916.99.

The 15th section of the act of April 11, 1866, establishing these exemptions, is as follows (Revision of 1877, p. 1156): "That all private corporations of this state, except banking institutions, and except those which by virtue of any contract in their charters or other contracts with this state are expressly exempted from taxation, and except mutual life insurance companies specially taxed, shall be and are hereby required to be respectively assessed and taxed at the full amount of their capital stock paid in, and accumulated surplus; but any real estate which such corporations may lawfully own in any other state than this state, shall not be liable to be estimated in such accumulated surplus, and the persons holding the capital stock of such corporations shall not be assessed therefor; and such corporations as have no capital stock other than those above excepted, shall be assessed for the full amount of their property and valuable assets, without any deductions for debts and liabilities; but depositors in savings banks, taxed by virtue of this section, shall be exempted from taxation on their personal estate to the amount of their deposits; provided, that premium notes held by life insurance companies shall in no case be considered as future premiums, but shall be included in the valuable assets of said company."

Under the statutory provision for the taxation of bank shares in New Jersey, the stock of every bank, national as well as state, is assessed for taxation in the place where the bank is located to all non-resident stockholders thereof, the taxes assessed on which are payable by the bank itself for their account; resident stockholders being taxed on their shares in the townships or wards in which they respectively reside. The rate of taxation is the same as that upon other personal property held by individuals, and is subject to deduction on account of debts due by the owner.

It is not claimed that the assessments complained of in this case are unequal or illegal, unless made so by the exemptions authorized by the 15th section of the act of April 11, 1866.

There is no material difference between the legislation of New Jersey on this subject and that of New York, as considered in the case of *The Mercantile National Bank of the City of New York* v. *The Mayor, Aldermen and Commonalty of the City of New York, and George W. McLean, Receiver of Taxes,* just decided. This case is, therefore, necessarily governed by the decision in that.

The decree of the Circuit Court is accordingly

*Affirmed.*

Mr. Justice Bradley and Mr. Justice Blatchford took no part in the decision of this case.