STATE COUNCIL OF THE CATHOLIC KNIGHTS OF ILLINOIS

v.

THE BOARD OF REVIEW OF EFFINGHAM COUNTY.

*Opinion filed October 25, 1902.*

1. TAXES—*laws exempting property from taxation must be strictly construed.* Laws exempting property from taxation must be strictly construed, and no property can be held exempt unless clearly within the exempted class.

2. SAME—*benefit society is not a purely charitable institution.* A fraternal benefit society deriving its benefit fund from assessment of members is not a charitable institution, such as entitles it to exemption from taxation under paragraph 7 of section 2 of the Revenue act, exempting property of institutions of public charity.

3. SAME—*fund of a benefit society is taxable though orders are drawn against it.* That orders have been drawn upon a benefit fund prior to April 1 to pay beneficiaries of deceased members does not exempt the fund from taxation to the amount of such orders if no part of the fund has been actually paid out before April 1.

APPEAL from assessment of the Board of Review of Effingham county.

The State Council of the Catholic Knights of Illinois is a corporation organized under the provisions of an act to provide for the organization and management of corporations, associations or societies for the purpose of furnishing life indemnity or pecuniary benefits to widows, orphans, heirs, relatives and devisees of deceased members, or accident or permanent disability indemnity to members thereof, approved June 18, 1883, carrying on business in the town of Douglas, in Effingham county. The treasurer of said corporation, residing in said town of Douglas, had on hand, as such treasurer, April 1, 1901, the sum of $7500 belonging to said corporation. The assessor of said township did not assess said money. The board of review of Effingham county assessed said $7500 against said corporation as omitted property in the hands of the treasurer in said town of Douglas. The

corporation objected to the assessment and claimed that the property was exempt from taxation. The said board, by its clerk, thereupon certified a statement of the facts concerning said assessment to the Auditor of Public Accounts. The Auditor of Public Accounts being satisfied that such property is liable to taxation, submits the question of its exemption from taxation to this court, in accordance with the provisions of section 35 of the Revenue law of 1898.

The facts certified are, that the State Council of the Catholic Knights of Illinois is a fraternal beneficiary society carrying on business in the town of Douglas, in Effingham county, Illinois, and having its home office at Carlyle, Illinois. The board of review finds that the membership of the council is confined exclusively to persons who are members of a particular religious denomination; that said council is formed for the sole benefit of its members and their beneficiaries, and not for profit; that said council has a lodge system, with ritualistic form of work or representative form of government; that said council makes provision for the payment of benefits in case of death resulting from disease, accident or old age of its members; that the payment of such benefits in all cases is subject to compliance by the member with the contract, rules and laws of the said council; that the fund from which the payment of such benefits shall be made and the fund from which the expenses of said council are defrayed are derived from assessments and dues collected from its members; that payment of death benefits is only made to the families, heirs, blood relations, affianced husband and affianced wife of and to persons dependent upon the member, and to charitable and religious institutions. The board further finds that Lawrence Nolte, residing and having his office in the town of Douglas, in Effingham county, holds the office of treasurer of said council, and that on the first day of April, 1901, he had in his hands, as such treasurer, in said town

of Douglas, the sum of $7500 belonging to said council. It was also shown that there were claims or death losses accrued and outstanding and unpaid against the order amounting to $5355, for deaths occurring prior to April 1, 1901, which were paid after April 1, 1901, and for which orders were outstanding on the first day of April, 1901. Death losses amounting to $6000 had also occurred for which no orders had been issued. The treasurer claimed that the $7500 in his hands was exempt from taxation, and also claimed that if it was subject to taxation it should be listed at Carlyle. It was not claimed that the money was in fact assessed elsewhere than in the town of Douglas. The board of review held the same subject to taxation, and assessed the $7500 in Douglas township, Effingham county, against said corporation.

M. P. MURRAY, for appellant.

H. J. HAMLIN, Attorney General, (E. S. SMITH, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The principal contention of the appellant is, that the money in the hands of its treasurer assessed by the board of review was exempt from taxation by section 2 of the Revenue act, which in its seventh paragraph exempts "all property of institutions of purely public charity, when actually and exclusively used for such charitable purposes, not leased or otherwise used with a view to profit." (Hurd's Stat. 1899, p. 1393.) We are of the opinion that appellant is not an institution of purely public charity. The money assessed was derived from assessments upon its members and was payable to beneficiaries named or described, according to contract enforceable by law, and, like other fraternal societies, its benevolent provisions for those standing in the prescribed relations to its members are based upon a sufficient legal consid-

eration and are in the nature of insurance. (*McConnell*
v. *Iowa M. A. Ass.* 79 Iowa, 757; 1 Bacon on Benefit Socie-
ties, 45; *Bauer* v. *Sampson Lodge*, 102 Ind. 262; *Orphan Asy-
lum* v. *School District*, 90 Pa. St. 29; *Gorman* v. *Russell*, 14
Cal. 535.) The provision of our statute that such corpo-
rations "shall not be deemed insurance companies" was
intended merely to prevent the application of the regu-
lations of the insurance laws of the State to them, and
not to affect their character with respect to taxation
or exemption. It is the fully established rule that laws
exempting property from taxation must be strictly con-
strued, and no property should be held exempt from the
burden common to all unless it clearly falls within the
exempted class. In *People* v. *Western Seaman's Friend Soci-
ety*, 87 Ill. 246, it was said (p. 249): "It may well be doubted
whether that clause of the statute was intended by the
legislature to embrace more than institutions, of public
charity, such as have been founded and are maintained
solely by the State, as contradistinguished from institu-
tions founded by private enterprise for the dispensation
of private charity." That question was not there decided,
nor is it necessary to decide it in this case, but it is suffi-
cient for the disposition of the question at issue here, to
say that the property in question was not accumulated,
held or used for a purely charitable purpose, public or
private. The statute, however, is clear, that to be ex-
empt the property must be not only of institutions of
purely public charity, but must be actually and exclu-
sively used for such charitable purposes,—that is, for
public charity. It must be held that the property was
not exempt from taxation.

It is next contended that as to $5355 of the fund as-
sessed, orders had before April 1 been issued against
the fund to beneficiaries of deceased members, and that,
therefore, as to this amount the assessment was errone-
ous. We cannot so hold. No part of the fund assessed
had been paid out prior to April 1, and it then became

liable to the tax in the hands of the treasurer of the institution, who was its lawful custodian.

Finding no error, the decision of the board of review is approved.                    *Decision approved.*