THE ILLINOIS NATIONAL BANK OF SPRINGFIELD

*v.*

RICHARD F. KINSELLA, County Collector.

*Opinion filed February 18, 1903.*

1. TAXES—*power of the State to tax shares of stock of national banks.*
The restrictions imposed by section 5219 of the Revised Statutes
of the United States upon the power of a State to tax shares of
stock in national banks are, that the tax rate shall not be greater
than is assessed "upon other moneyed capital in the hands of in-
dividual citizens of such State," and that shares of stock owned
by non-residents shall be taxed where the bank is located.

2. SAME—*term "moneyed capital," used in act of Congress, construed.*
The term "moneyed capital," used in section 5219 of the Revised
Statutes of the United States, refers only to capital coming into
competition with that invested in national banks, and hence in-
cludes only such capital as is invested in State or private banks.

3. SAME—*if State and private banks are taxed the same as national
banks there is no discrimination.*    There is no discrimination against
national banks, in the matter of taxation under a State law, if
State and private banks in said State are taxed according to the
same method.

4. SAME—*value of bank's real estate is not to be deducted from value of
stock.*    Shares of stock of every bank, State or private, in Illinois,
as well as its real estate, must be assessed at the full fair cash
value, and the assessed value of the real estate is not to be de-
ducted from the value of the stock.

5. SAME—*taxing tangible property to corporation and stock to holders
is not double taxation.*    The taxing of tangible property to the cor-
poration and of the shares of stock to the holders thereof is not
double taxation.    (*People's Loan Ass.* v. *Keith,* 153 Ill. 609, and *In re
St. Louis Loan and Investment Co.* 194 id. 609, explained.)

6. SAME—*personal property of a national bank not taxable by State.*
The power of the State to tax tangible property of a national
bank is confined by the United States statute to real estate.

7. SAME—*proper method of taxing national banks in Illinois.*    Shares
of stock in a national bank in Illinois should be assessed at their
full fair cash value to the holders, without deducting from the
aggregate assessed value thereof the assessed value of the bank's
real estate, which should be assessed to the corporation.

APPEAL from the Circuit Court of Sangamon county;
the Hon. JAMES A. CREIGHTON, Judge, presiding.

Brown, Wheeler, Brown & Hay, for appellant:

Our statutes (Hurd's Stat. 1901, chap. 120, sec. 3, p. 4,) expressly provide that when the tangible property or capital stock of any company or association is assessed under this act the shares of capital stock of such company or association shall not be assessed or taxed in this State. The validity of this proviso to the statute is not open to question. *Ottawa Glass Co.* v. *McCaleb,* 81 Ill. 556.

While it may be conceded that the interest of a corporation in the corporate property and the interest of the stockholder in the corporation are separate interests, yet in reality they both represent one thing,—the money invested in the corporation by those who organized and created it. It would therefore be manifestly unjust to impose a tax on the corporation itself and at the same time impose a tax on the shares of stock. Such a course would, in effect, require money invested in a corporation to pay double taxation. It would be repugnant to the principle of equality and uniformity in taxation which is enjoined by the constitution of our State. *People's Loan Ass.* v. *Keith,* 153 Ill. 609.

The statutes with reference to the taxation of building and loan associations, and shares therein, provide that the real estate of the building and loan association shall be taxed to it and the shares therein shall be taxed to the shareholders, provided that in determining the value of such stock for the purpose of taxation the value of the real estate owned by such associations shall first be deducted from their assets. Hurd's Stat. 1901, chap. 120, secs. 29a, 29d.

This method of taxation of building and loan associations, and of the stock therein, was held to tax all the property of the association and of shareholders therein. *In re St. Louis Loan and Investment Co.* 194 Ill. 609.

Inasmuch as the shares of stock and the assets of the corporation represent but one unit for purposes of taxation, if the shares of stock are taxed at their full value

and the assets of the corporation at their full value the unit is twice taxed. *People's Loan Ass.* v. *Keith*, 153 Ill. 609; *In re St. Louis Loan and Investment Co.* 194 id. 609.

Section 5219 of the United States statutes forbids taxation discriminating, in whatever manner, against investments in shares of national banks and in favor of other moneyed capital. *Hills* v. *Bank*, 105 U. S. 319; *Bank* v. *Batton*, id. 322; *Boyer* v. *Boyer*, 113 id. 692.

The term "other moneyed capital," as here used, means capital of individuals or corporations invested in banking, in buying and selling bills of exchange, in discounting commercial paper, in making loans on collateral security, in negotiating loans, and dealing in negotiable securities issued by the government, State and national, and municipal and other corporations. *Bank* v. *New York*, 121 U. S. 138.

E. S. SMITH, for appellee:

Section 5219 of the United States statute is the measure of the power of a State to tax national banks, their property or franchises. By it the power is confined to a taxation of the shares in the names of the shareholders and to an assessment of the real estate. *Bank* v. *Owensboro*, 173 U. S. 664.

Where the capital of the bank was invested in bonds exempt from taxation, this was held not to relieve the shares of stock from assessment and taxation according to their full value. *Trust Co.* v. *Lander*, 62 Ohio St. 266; *VanAllen* v. *Assessors*, 3 Wall. 573.

The property of the bank is distinct and separate from the shares of stock in the names of shareholders, and the latter are not entitled to deduct exempt property belonging to the bank from the assessment of their shares. *People* v. *Tax Comrs.* 4 Wall. 244; *Bradley* v. *People*, id. 459; *Bank* v. *Owensboro*, 173 U. S. 664.

The property of the corporation, or its capital stock, and the shares of stock in the hands of shareholders, may

both be taxed, and it is not double taxation. *Hopkins* v. *Taylor*, 87 Ill. 436; *Pacific Hotel Co.* v. *Lieb*, 83 id. 602; *Trust Co.* v. *Lander*, 62 Ohio St. 274; *Danville Manf. Co.* v. *Parks*, 88 Ill. 463; *Railroad Co.* v. *Siders*, id. 320; *Insurance Co.* v. *Pollak*, 75 id. 292; *Banking Co.* v. *Parks*, 88 id. 170; *Bank* v. *Owensboro*, 173 U. S. 664; *Bank* v. *Tennessee*, 161 id. 134.

Statutes providing for the listing and valuation of different classes of property for taxation in and by different modes and agencies are constitutional. *Cummings* v. *Bank*, 101 U. S. 153; *Trust Co.* v. *Lander*, 62 Ohio St. 266; *Railroad Tax cases*, 92 U. S. 575; *Porter* v. *Railroad Co.* 76 Ill. 651.

The constitution and the statute provide that corporations may be assessed in a different manner from individuals, provided the method shall be uniform as to the class on which it operates. Const. art. 9, sec. 1; Revenue act of 1872, secs. 1, 3, 6.

The purpose of the Federal statute in limiting the rate of taxation to the same rate required of other moneyed capital is to prevent the State, in levying a tax on such shares, from creating and fostering an unequal and unfriendly competition by favoring institutions or individuals carrying on a similar business, and operations and investments of a like character. *Bank* v. *Ayers*, 160 U. S. 660; *Bank* v. *New York*, 121 id. 128; *Bank* v. *Covington*, 21 Fed. Rep. 484; *Bank* v. *Paducah*, 2 Flip. 61; *Bank* v. *Chambers*, 182 U. S. 556.

The Federal statute does not prohibit the assessment and taxation of banks in a different manner from building and loan associations, and corporations other than banks, and competing moneyed corporations. *Bank* v. *Ayers*, 160 U. S. 660; *Bank* v. *New York*, 121 id. 128; *Bank* v. *Covington*, 21 Fed. Rep. 484; *Bank* v. *Chambers*, 182 U. S. 556; *Bank* v. *Paducah*, 2 Flip. 61.

The real estate of the bank is assessable against the bank. *Rosenblatt* v. *Johnston*, 104 U. S. 462; *Trust Co.* v. *Lander*, 62 Ohio St. 266.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a bill in chancery filed in the Sangamon county circuit court by the appellant, against appellee, county treasurer and *ex officio* collector of said county, to enjoin the collection of a portion of the taxes levied upon the shares of stock of the appellant in the hands of its shareholders. A general demurrer was filed to the bill and sustained, and the appellant having elected to stand by its bill, a decree was entered dismissing the bill for want of equity, and an appeal has been prosecuted to this court.

The averments of the bill, in substance, are, that on April 1, 1901, the appellant was a national bank organized under the statute of the United States, with its banking house located at Springfield, in said county, with a capital of $300,000, divided into three thousand shares of the par value of $100 each, the full fair cash value of which was $118 per share, and which were assessed by the local assessor at that value as their full fair cash value, and at a sum aggregating the sum of $354,000; that the appellant at the same time owned a building and real estate in which it conducted its banking business, which was assessed at $100,000 as its full fair cash value; that in making the assessments of said shares of stock the assessor should have deducted from the full fair cash value thereof the assessed value of said real estate, and assessed the said shares of stock at an amount aggregating $254,000 instead of $354,000; that the appellant had paid the taxes assessed against said real estate and the taxes assessed against said shares of stock based upon a valuation aggregating $254,000, and that the taxes levied upon the assessed valuation of said shares of stock over and above the full fair cash value thereof, after deducting the assessed value of said real estate, was illegal and void, and prayed that the collection thereof should be enjoined.

The parties filed the following stipulation, which was before the court at the time the demurrer was disposed of: "It is stipulated by the parties to the above entitled cause that the real estate of said bank occupied by it as its banking house has been assessed and the taxes extended and paid thereon; that the shares of stock of said bank have been assessed against the shareholders according to their full fair cash value, without deduction on account of the assessment of the real estate. It is further stipulated that but one question is involved in this case, and if the court shall find that under existing laws the said real estate of the bank may be taxed against the bank and the shares of stock may also be assessed and taxed against the shareholders according to its and their full fair cash value, without deduction on account of the said real estate assessment, the injunction shall be denied. If the court shall find that it is not lawful to assess the shares of stock against the shareholders according to their full fair cash value, without deduction of the value of the said real estate assessed against the bank, then the injunction shall be granted."

In view of the facts averred in the bill, and the above stipulation, but one question is presented for decision in this case, viz.: In the assessment of the shares of stock of a national bank against the shareholders, should the assessed value of the real estate owned by the bank be deducted from the aggregate assessed value of the shares and the shareholder assessed only upon the amount remaining after such deduction, or should the shares of stock be assessed at their full fair cash value to the shareholder and the real estate be assessed to the bank at its full fair cash value?

The first act providing for the organization of national banks passed by Congress (February 25, 1863,) contained no grant of power permitting the States to impose taxes upon national banks in any form, and it was held without such grant the power did not exist. This policy was

soon found to be unwise, and in the following year power was given the States, not to tax the bank, its franchises or property, but to tax the shares of stock in the hands of the shareholder. The statute was subsequently amended from time to time, and was finally embodied as it exists to-day in section 5219 of the Revised Statutes of the United States, which reads as follows: "Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares in assessing taxes imposed by authority of the State within which the association is located; but the legislature of each State may determine and direct the manner and place of taxing all the shares of national banking associations located within the State, subject only to the two restrictions that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State, and that the shares of any national banking association owned by non-residents of any State shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either State, county or municipal taxes, to the same extent, according to its value, as other real property is taxed." And in *Owensboro Nat. Bank* v. *City of Owensboro,* 173 U. S. 664, it was said: "This section * * * is the measure of the power of a State to tax national banks, their property or their franchises. By its unambiguous provisions the power is confined to a taxation of the shares of stock in the names of the shareholders and to an assessment of the real estate of the bank. Any State tax, therefore, which is in excess of and not in conformity to these requirements is void."

The only restriction imposed upon the States in taxing the shares of national banks is, *first,* "that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens

of such State;" and *second*, "that the shares of any national banking association owned by non-residents of any State shall be taxed in the city or town where the bank is located, and not elsewhere." The second restriction is not important here. The first was passed with the view to prevent the States, in levying a tax on national banks, from discriminating against such banks and in favor of institutions or individuals engaged in a similar business. (*Mercantile Bank* v. *New York*, 121 U. S. 138; *First Nat. Bank* v. *Ayers*, 160 id. 660; *Commercial Nat. Bank* v. *Chambers*, 182 id. 556.) The term "moneyed capital," therefore, as used in the act of Congress, includes only capital which comes in competition with that invested in national banks, (*First Nat. Bank* v. *Chapman*, 173 U. S. 205,) and does not include capital invested in an enterprise which is not engaged in a business which will come in competition with national banks; (*Mercantile Nat. Bank* v. *New York*, *supra; National Newark Banking Co.* v. *Newark*, 121 U. S. 163; *Palmer* v. *McMahon*, 133 id. 660;) and money invested by corporations or individuals in railroads, mines, manufacturing, insurance or other kindred enterprises, or deposits in savings banks or the moneys of charitable institutions, are not within the meaning of the act. (*Aberdeen Bank* v. *Chehalis County*, 166 U. S. 440; *National Bank of Commerce* v. *Seattle*, id. 463; *First Nat. Bank* v. *Chapman*, *supra.*) It is clear that the only moneyed capital in this State which comes in competition, to any appreciable extent, with that invested in national banks, is that invested in banking institutions organized under the State law or operated by private individuals, and if the shares of stock of such banks, or their personal property, under the statutes of this State are required to be assessed at their full fair cash value, and in addition thereto the real estate held by such banking institutions required to be assessed at its full fair cash value, then there is no discrimination against national banks and in favor of State or private banks, and the assessment of the

shares of national banks at their full fair cash value to the shareholder and the real estate to the bank should be held valid, unless, for other reasons hereafter considered, such assessments are invalid, which invalidity would apply to the assessment of State and private banks with the same force that it does to national banks.

Section 1 of the Revenue act (Hurd's Stat. 1899, p. 1393,) provides: "The property named in this section shall be assessed and taxed, except so much thereof as may be, in this act, exempted: *First*—All real and personal property in this State. *Second*—* * * *Third*—The shares of capital stock of banks and banking companies doing business in this State. *Fourth*—* * *." Sections 35 to 39 inclusive provide the manner in which State and national banks are to be assessed, and are as follows:

"Sec. 35. The stockholders in every bank located within this State, whether such bank has been organized under the banking laws of this State or of the United States, shall be assessed and taxed on the value of their shares of stock therein, in the county, town, district, village or city where such bank or banking association is located, and not elsewhere, whether such stockholders reside in such place or not. Such shares shall be listed and assessed with regard to the ownership and value thereof, as they existed on the first day of May, annually, subject, however, to the restriction that taxation of such shares shall not be at a greater rate than is assessed upon any other moneyed capital in the hands of individual citizens of this State, in the county, town, district, village or city where such bank is located. The shares of capital stock of national banks not located in this State, held in this State, shall not be required to be listed under the provisions of this act.

"Sec. 36. In each such bank there shall be kept at all times a full and correct list of the names and residences of its stockholders, and of the number of shares held by

each; which list shall be subject to the inspection of the officers authorized to assess property for taxation; and it shall be the duty of the assessor to ascertain and report to the county clerk a correct list of the names and residences of all stockholders in any such bank, with the number and assessed value of all such shares held by each stockholder.

"Sec. 37. The county clerk, to whom such returns are made, shall enter the valuation of such shares in the tax lists, in the names of the respective owners of the same, and shall compute and extend taxes thereon the same as against the valuation of other property in the same locality.

"Sec. 38. The collector of taxes, and the officer or officers authorized to receive taxes from the collector, may, all or either of them, have an action to collect the tax assessed on any share or shares of bank stock from the avails of the sale of such share or shares; and the tax against such share or shares shall be and remain a lien thereon till the payment of said tax.

"Sec. 39. For the purpose of collecting such taxes, it shall be the duty of every such bank, or the managing officer or officers thereof, to retain so much of any dividend or dividends belonging to such stockholders as shall be necessary to pay any taxes levied upon their shares of stock, respectively, until it shall be made to appear to such bank or its officers that such taxes have been paid; and any officer of any such bank who shall pay over or authorize the paying over of any such dividend or dividends, or any portion thereof, contrary to the provisions of this section, shall thereby become liable for such tax; and if the said tax shall not be paid, the collector of taxes where said bank is located shall sell said share or shares to pay the same, like other personal property. And in case of sale the provision of law in regard to the transfer of stock when sold on execution, shall apply to such sale."

And section 30 provides the rules for listing the property and business of banks, banking houses, brokers and stock jobbers doing business in this State, other than national banks, as follows:

"Sec. 30. Every bank (other than a national bank), banker, broker or stock jobber, shall, at the time fixed by this act for listing personal property, make out and furnish the assessor a sworn statement, showing: *First*—The amount of money on hand or in transit. *Second*—The amount of funds in the hands of other banks, bankers, brokers, or others, subject to draft. *Third*—The amount of check, or other cash items, the amount thereof not being included in either of the preceding items. *Fourth*—The amount of bills receivable, discounted or purchased, and other credits due or to become due, including accounts receivable, and interest accrued but not due, and interest due and unpaid. *Fifth*—The amount of bonds and stocks of every kind, and shares of capital stock of joint stock of other companies or corporations, held as an investment, or any way representing assets. *Sixth*—All other property appertaining to said business, other than real estate, (which real estate shall be listed and assessed as other real estate is listed and assessed under this act.) *Seventh*—The amount of all deposits made with them by other parties. *Eighth*—The amount of all accounts payable, other than current deposit accounts. *Ninth*—The amount of bonds or other securities exempt by law from taxation, specifying the amount and kind of each, the same being included in the preceding fifth item. The aggregate amount of the first, second and third items in said statement, shall be listed as moneys. The amount of the sixth item shall be listed the same as other similar personal property is listed under this act. The aggregate amount of the seventh and eighth items shall be deducted from the aggregate amount of the fourth item of said statement, and the amount of the remainder, if any, shall be listed as credits. The

aggregate amount of the ninth item shall be deducted from the aggregate amount of the fifth item of such statement, and the remainder shall be listed as bonds or stocks."

From a careful consideration of these sections of the Revenue act it is apparent that it is the legislative intention that the shares of stock or personal property of every bank (State or private) in this State, as well as its real estate, shall be assessed at its full fair cash value, and that the assessed value of its real estate is not to be deducted from the value of such shares or personal property, but that such "real estate shall be listed and assessed as other real estate is listed and assessed under this act." It has been held that where the capital of a national bank was invested in United States securities, or in real estate located outside the State where the bank is located, the value of such non-taxable securities or real estate should not be deducted from the value of the shares for the purposes of taxation, even though the State statute provided that real estate located within the State should be deducted, and that the refusal to make such deductions constituted neither a violation of section 5219 of the Revised Statutes nor a denial of that equal protection which is afforded to tax-payers by the constitution. *VanAllen* v. *Assessors,* 3 Wall. 573; *Commercial Nat. Bank* v. *Chambers, supra.*

We conclude, therefore, as the shares of stock and the real estate of appellant were assessed in the manner in which the statute provides that other banks (State or private) doing business in this State are to be assessed, that there has been no discrimination against the appellant or its shareholders.

It is said by the appellant that to assess its shares of stock at their full fair cash value to the shareholders and then to assess its real estate to the bank at its full fair cash value is double taxation, and that to the extent of such double taxation the assessment is unconstitutional

and invalid. The law is well settled that the tangible property of a corporation and its shares of stock held by the shareholders are separate and distinct kinds of property and belong to different owners, the first being the property of the corporation and the latter the property of the individual shareholder,—in this case the property of the corporation being real estate and that of the shareholder personal property,—and that to tax the real estate to the corporation and the shares to the holders thereof, within the meaning of the law, is not double taxation. *Danville Banking and Trust Co.* v. *Parks*, 88 Ill. 170; *Greenleaf* v. *Board of Review of Morgan County*, 184 id. 226; *Cleveland Trust Co.* v. *Lander*, 62 Ohio St. 274; 56 N. E. Rep. 1036; *Owensboro Nat. Bank* v. *Owensboro, supra; Bank of Commerce* v. *Tennessee*, 161 U. S. 134.

In *Danville Banking and Trust Co.* v. *Parks, supra,* a bill was filed by the complainant, a banking institution organized under the laws of this State, on behalf of itself and all its stockholders, to enjoin Parks, as collector, from collecting certain taxes assessed against said bank in Danville township for the year 1874. The bill questioned the validity of the taxes assessed and levied upon the tangible property and upon the shares of stock of the bank, insisting that the same was double taxation and in violation of article 9 of the constitution of 1870. Mr. Justice BREESE, in speaking for the court in answer to such contention, said (p. 173): "This court has repeatedly held that the tangible property of a corporation and the shares of stock are separate and distinct kinds of property under different ownerships, the first named being the property of the corporation and the last named is the property of the individual stockholders, both of which, under the provisions of the Revenue law, being subject to taxation. (Rev. Stat. 1874, chap. 120.) The several sections of that statute bearing on this question have received the careful consideration of this court in *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.*

76 Ill. 561, and subsequent cases, and by the Supreme Court of the United States in *Minot* v. *Philadelphia, Wilmington and Baltimore Railroad Co.* 18 Wall. 206, and *Taylor* v. *Secor*, 2 Otto, 575, and other cases. These cases hold that such taxation is neither double nor unconstitutional; that the property of different ownerships must be taxed by the municipalities from which they derive their powers and franchises."

In *Greenleaf* v. *Board of Review of Morgan County, supra,* on page 227 it is said: "We need not consider whether it is entirely beyond the power of the State, represented by the General Assembly, to impose double taxation upon the same property, for the reason it is well settled the tangible property of a corporation and the shares of stock therein are separate and distinct kinds of property and belong to different owners, the first being the property of the artificial person,—the corporation,—the latter the property of the individual owner thereof. (*Danville Banking and Trust Co.* v. *Parks*, 88 Ill. 170; 25 Am. & Eng. Ency. of Law, 662-670; Desty on Taxation, 353.) The General Assembly, representing the sovereignty of the State, has ample inherent power to impose taxes on all property within the State, the only limitations being such as are declared in the constitution of the State or that of the United States."

In *Cleveland Trust Co.* v. *Lander, supra,* the court said: "A State has the power to tax both the capital and stock or shares of a corporation, unless prohibited by its constitution, and to do so would not be double taxation."

It was said in *Bank of Commerce* v. *Tennessee, supra,* and quoted with approval in *Owensboro Nat. Bank* v. *Owensboro, supra,* that "the capital stock of a corporation and the shares into which such stock may be divided and held by individual shareholders are two distinct pieces of property. The capital stock and the shares of stock in the hands of the shareholders may both be taxed, and it is not double taxation.—*VanAllen* v. *Assessors*, 3 Wall. 573;

*People* v. *New York Tax and A. Comrs.* 4 id. 224, cited in *Far-rington* v. *Tennessee,* 95 U. S. 687."

We find nothing in the constitution, State or national, which prevents the legislature from assessing the tangible property of a banking institution to the bank and the shares of stock to the shareholders. In fact, that question was squarely raised in *Danville Banking and Trust Co.* v. *Parks, supra,* and such power, under the constitution of 1870, was held to exist. The power to tax the tangible property of a national bank is, however, confined by the United States statute to the real estate of the bank, its personal property not being taxable by the State. (*National State Bank* v. *Young,* 25 Iowa, 311.) In *People* v. *Feitner,* 63 N. Y. Sup. 464, where a bank held shares of railroad stock which were assessed and taxed against it and the shares of the bank were also taxed, the court said: "Undoubtedly the effect of the assessment made by the defendant upon the value of bank shares held by the relators is to impose double taxation, not on the relators for the same property, but on the property itself. Such double taxation, however, is within the power, and if such power is explicitly conferred upon the defendant by the statute the relators are remediless." It is evident, therefore, this assessment is not invalid on the ground that it amounts to double taxation.

We find nothing in the cases of *People's Loan and Homestead Ass.* v. *Keith,* 153 Ill. 609, and *In re St. Louis Loan and Investment Co.* 194 id. 609, in conflict with the views herein expressed. What was said in those cases applies to building, loan and homestead associations, which manifestly differ from banking institutions, and while it was held in the latter case that it was proper for the legislature to provide that the assessment of the stock should relieve the association from assessment, the rule there announced, in view of the special statute providing for the assessment and taxation of such association, must be limited to such associations, and does not apply to the

assessment of the real estate and shares of a national bank, the assessment of which is made under a different statute. Statutes providing for the listing and valuation of different classes of property for taxation in and by different modes and agencies are recognized by the constitution. (*Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561; *Home Ins. Co.* v. *Swigert,* 104 id. 653.) In the *Keith case,* Mr. Justice CRAIG, after referring to section 1 of article 9 of the constitution, said (p. 620): "Here is a plain provision requiring the revenue to be raised by levying a tax on all property, in proportion to value. But this is followed by a further provision which allows the legislature to decide the manner in which property may be valued and the manner in which the tax may be levied. These are matters within the discretion of the legislature, but the subject matter of taxation has been determined and established by the constitution, and what may be exempted is therein specified, and the legislature has no power to go beyond the exemptions named in the constitution. * * * In view of these facts, the legislature, under the power conferred by the constitution to regulate the manner of ascertaining the fair valuation of property subject to taxation and the mode to be adopted in the assessment, has provided, by general law, that the whole assessment shall be made against the corporation. In doing this the legislature did not intend to exempt any property from taxation, and no property was exempted from taxation. The legislature, in order to avoid confusion and complication in the assessment, determined, as it had the right to do, that the whole tax should be collected from the corporation itself. In adopting this mode of assessment no property was exempted from taxation, but the whole burden was cast on the corporation, leaving it to adjust the matter between itself and its stockholders, as it might think best."

All the authorities, both State and national, concur in holding that the real estate of a national bank, and

its shares, are separate and distinct kinds of property and belong to different owners, the real estate to the bank and the shares to the shareholders, and that each kind of property is subject to taxation and should be separately assessed and taxed to the respective owners thereof, unless exempted from taxation by the State constitution, under which it is assessed and taxed.

The circuit court did not err in sustaining the demurrer to the bill and dismissing the same. Its decree will therefore be affirmed.                                       *Decree affirmed.*