SUPREME LODGE MODERN AMERICAN FRATERNAL ORDER

*v.*

THE BOARD OF REVIEW OF EFFINGHAM COUNTY.

*Opinion filed October 23, 1906.*

1. TAXES—*legislature cannot exempt property not enumerated in constitution.* The legislature has no power to exempt from taxation any property other than that enumerated in section 3 of article 9 of the constitution, since such enumeration is an exclusion of all other subjects of exemption.

2. BENEFIT SOCIETIES—*a benefit society is not a charitable institution.* Benefit societies are not institutions of public charities, since their contracts of insurance are based upon valuable considerations and are legal and enforcible by law.

3. CONSTITUTIONAL LAW—*act of 1905, exempting funds of benefit society from taxation, is unconstitutional.* Clause 11 of section 2 of the Revenue act, as amended in 1905, (Laws of 1905, p. 357,) which exempts from taxation money collected by fraternal beneficiary societies and on hand within this State and used exclusively for the purposes of such societies, is unconstitutional.

Auditor's certificate of appeal to review decision of board of review of Effingham county.

Wright Bros., for appellant.

W. H. Stead, Attorney General, (George B. Gillespie, of counsel,) for appellee.

Mr. Justice Vickers delivered the opinion of the court:

Appellant is a fraternal beneficiary society organized under the laws of Illinois and maintains its supreme office at Effingham, Illinois. The supreme lodge on May 22, 1905, scheduled for taxation to the township assessor its office furniture, supplies, etc., valued at $600. It was notified to appear before the board of review to show cause why its assessment should not be increased. It appeared and claimed it had scheduled all its property excepting funds collected and on hand within this State, used exclusively for the purposes of the society and not for pecuniary profit, and that all such funds were exempt under clause 11 of section 2 of an act entitled "An act to amend section 2 of an act entitled 'An act for the assessment of property and for the levy and collection of taxes.'" The board of review on September 4, 1905, found that appellant had on hand in its emergency, mortuary and expense funds on April 1, 1905, $33,275, to be used exclusively for the purposes of the society, and that said funds were not exempt from taxation for the year 1905, and ordered that its assessment be increased in the sum of $33,275. The supreme lodge duly excepted and prayed an appeal to the State Auditor, who certified the facts to this court.

The section of the statute under which the supreme lodge claimed exemption was approved May 18, 1905, went into effect July 1, 1905, and is as follows:

"Sec. 2. All property described in this section, to the extent herein limited, shall be exempt from taxation, that is to say: * * * Eleventh, all the money collected and on

hand within this State of every kind and nature of fraternal beneficiary societies and the subordinate lodges thereof which are organized and exist or admitted to do business under the laws of the State of Illinois, and used exclusively for the purposes of such societies, and not for pecuniary profit." (Laws of 1905, p. 357.)

It is contended by appellee that this statute violates the provisions of the constitution requiring all property of every kind and character to be assessed according to its valuation.

Section 1 of article 9 of the constitution of 1870 provides: "The General Assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property,—such value to be ascertained by some person or persons, to be elected or appointed in such manner as the General Assembly shall direct, and not otherwise."

Section 3 of article 9 of the constitution of 1870 provides: "The property of the State, counties, and other municipal corporations, both real and personal, and such other property as may be used exclusively for agricultural and horticultural societies, for schools, religious, cemetery and charitable purposes, may be exempted from taxation; but such exemption shall be only by general law."

It is the well settled law in this State that the burdens of taxation should fall equally upon all; that statutes exempting property from taxation should be strictly construed and should not be extended by judicial interpretation. (*People ex rel.* v. *Western Seaman's Friend Society*, 87 Ill. 246; *In the Matter of Swigert*, 123 id. 267; *Adams County* v. *City of Quincy*, 130 id. 566; *Sanitary District* v. *Martin*, 173 id. 243.) Obviously, then, if the fraternal beneficiary societies which are relieved from taxation by the statute under consideration do not fall within one of the classes whose property the constitution provides may be exempted from taxation by general law, any act of the legislature purport-

ing to exempt their property from taxation is unconstitutional. The legislature has no power to exempt from taxation any property other than that enumerated in section 3 of article 9 of the constitution. Such enumeration is an exclusion of all other subjects of exemption. In *People's Loan and Homestead Ass.* v. *Keith,* 153 Ill. 609, it is held that the constitution conferred power on the legislature to exempt certain property from taxation. The section enumerates the property which the legislature may by general law exempt. The enumeration of certain classes of property which may be exempted is a limitation upon the power of the legislature to exempt any other property. See, also, *Illinois Nat. Bank* v. *Kinsella,* 201 Ill. 31.

Clearly the money of the appellant which was on hand April 1, 1905, cannot be exempted under the claim that it is used exclusively for charitable purposes. Before the passage of the amendment to section 2 the question was presented in *Catholic Knights* v. *Board of Review,* 198 Ill. 441, whether such beneficiary societies would be exempt from taxation under paragraph 7 of section 2, relating to the property of institutions of public charity, and we held that such societies were not institutions of public charities; that their contracts to pay death benefits or other indemnity were based on a valuable legal consideration and are in the nature of insurance contracts. Such contracts are legal and enforcible by law, and the money dispensed in discharge of them is in no sense a charity, either public or private. Such is the holding in other States. *Gorman* v. *Russell,* 14 Cal. 536; *Bangor* v. *Rising Virtue Lodge No. 10,* 73 Me. 428; *Morning Star Lodge No. 26* v. *Hayslip,* 23 Ohio St. 144; *Babb* v. *Reed,* 5 Rawle, 151; *Swift* v. *Easton Beneficial Society,* 73 Pa. St. 363; *Donohough's Appeal,* 86 id. 306; *Young Men's Protestant Temperance and Benevolent Society* v. *City of Fall River,* 160 Mass. 409; *City of Philadelphia* v. *Masonic Home,* 160 Pa. St. 572; *Masonic Aid Ass.* v. *Taylor,* 2 S. Dak. 324.

Clause 11 of section 2 of the Revenue act is in violation of section 3 of article 9 of the constitution, and therefore affords no grounds for the exemption claimed.

Having reached the conclusion that the statute under which the exemption is claimed is unconstitutional, other questions argued by counsel need not be considered.

The decision of the board of review will be approved.

*Decision approved.*