THE PEOPLE *ex rel.* C. A. Davis, County Collector, Appellee, *vs.* MYSTIC WORKERS OF THE WORLD, Appellant.

*Opinion filed December 22, 1915.*

1. TAXES—*money and credits of a fraternal beneficiary society are taxable.* The fact that the amendment of 1905 to section 2 of the Revenue act exempting moneys of fraternal beneficiary societies from taxation was held invalid and that no new act has since been passed concerning the taxation of such property does not leave the money and credits of such societies untaxable, but they are liable to taxation under the general provisions of the Revenue act, the same as they were before the unconstitutional amendment of 1905 was passed.

2. SAME—*effect of amendment, in 1905, of section 13 of Revenue act.* The amendment of 1905 to section 13 of the Revenue act, aside from withdrawing life insurance companies, to the extent of the provisions of the amendment, from the general provisions of the Revenue act, does not do more than specify the place where the property of companies or associations therein named should be listed for assessment.

3. SAME—*where money and credits of a fraternal beneficiary society shall be listed.* Under section 13 of the Revenue act the money and credits of a fraternal beneficiary society must be listed and assessed in the city where the society maintains its head office, even though its principal officer may during his term of office reside elsewhere.

4. SAME—*benefit societies cannot be taxed on same basis as life insurance companies.* The property of fraternal beneficiary societies cannot be listed and assessed the same as property of life insurance companies is listed and assessed under section 13 of the Revenue act as amended in 1905, for the reason that such section

expressly states that the term "life insurance companies" shall not be construed to apply to fraternal beneficiary societies.

5. SAME—*what are not deductible liabilities of benefit society.* Liabilities on outstanding beneficiary certificates as computed by standard tables and shown by the report of the State insurance superintendent are not such liabilities as are contemplated by section 27 of the Revenue act, which provides that in making up the amount of credits a person· is required to list for taxation he shall be entitled to deduct from the gross amount of credits the amount of all *bona fide* debts owing by such person for a consideration received, as the liability upon a beneficiary certificate is contingent and does not become *bona fide* until the society becomes liable to pay the certificate.

6. SAME—*effect of alleged discrimination in favor of life insurance companies.* An objection that because fraternal beneficiary societies are assessed and taxed under the general Revenue law the same as other corporations they are obliged to pay a greater tax in proportion to their property than life insurance companies, which are excepted from the general law by section 13 thereof, is one which does not go to the constitutionality of the provisions of the Revenue law, under which the beneficiary societies are assessed, but rather to the provisions of section 13, concerning life insurance companies.

APPEAL from the County Court of Whiteside county; the Hon. WILLIAM A. BLODGETT, Judge, presiding.

CHARLES E. STURTZ, (J. A. RIORDON, of counsel,) for appellant.

JACOB J. LUDENS, State's Attorney, (McMAHON & ROGERS, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The county collector of Whiteside county made application in the county court of that county for judgment and order of sale against the real estate of appellant, the Mystic Workers of the World, for delinquent personal and real estate taxes for the year 1914. The objections of appellant were overruled and judgment and order of sale entered, from which this appeal has been prosecuted.

270 – 32

Appellant is a fraternal beneficiary society incorporated under the laws of this State, with its principal office in the city of Fulton, in Whiteside county. The business of appellant is conducted by a supreme lodge and subordinate lodges, in accordance with its by-laws and the statutes governing such societies. Among the officers of appellant · is one designated as the supreme banker, and this officer is elected for a term of two years. During the year 1914, and for several years prior thereto, the office of supreme banker was held by A. F. Schoch, who resided at Ottawa, in LaSalle county. The supreme banker is the custodian of the funds of the society. As the dues are collected by the supreme secretary, whose office is at Fulton, from the subordinate lodges, they are transmitted by him to the supreme banker, who holds the funds thus accumulated for the purpose of paying the beneficiary certificates as they become due and the other obligations of the society. A considerable portion of these funds are invested by the supreme banker in various bonds and other securities and in farm loans.

No objection was made to the real estate tax in the county court, the appellant admitting its liability to pay the same. The controversy concerns only the tax assessed upon the personal property of appellant, which consisted wholly of the moneys and credits in the hands of the supreme banker. The objections made in the county court, the overruling of which is assigned as error, may be grouped under two general heads: (1) That there was no law under which the money and credits of a fraternal beneficiary society could be assessed in the year 1914; and (2) that if such money and credits were assessable, the assessment in this case should have been made in LaSalle county, the residence of the supreme banker.

Section 1 of the Revenue act specifies the property that shall be assessed and taxed, except such as is by the act expressly exempted, and includes all the real and personal

property in the State, all moneys, credits, bonds or stocks and other investments, the shares of stock of incorporated companies and associations, and all other personal property, including property *in transitu* to or from this State, used, held, owned or controlled by persons residing in this State. It will be observed that these provisions of section 1 clearly include all the property of appellant assessed in the year 1914. Section 3 of the act announces the rules for valuing personal property for assessment. Section 6 deals with the manner in which personal property shall be listed for assessment, and paragraph 8 of that section provides that the property of a body politic or corporate shall be listed by the president or proper agent or officer thereof. Section 13 of the Revenue act as it stood prior to 1905 provided that the personal property of various companies, associations and corporations, (naming them, but not specifically including fraternal beneficiary societies,) "and companies not specially provided for in this act," should be listed and assessed in the county, town, city, village or district where their business is carried on, except such property as should be liable to assessment elsewhere in the hands of agents. This section had to do only with the place where the property should be listed and assessed, and prior to 1905 all insurance companies and all fraternal beneficiary societies were liable to assessment under the general provisions of the Revenue act, section 13 providing merely where the assessment should be made. In 1905 section 13 was amended by adding thereto provisions which, among other things, provided a method for assessing the property and assets of life insurance companies organized under the laws of this State. By this amendment the taxable property of such life insurance companies is to be computed by deducting the value of the real property on which it pays taxes from its net admitted assets above liabilities as shown by the last report of the insurance superintendent, the remainder to be the amount of the personal property for which the company

shall be assessed. The amendment also provided that the term "life insurance companies organized under the laws of this State," as used in that section, should not be construed to apply to fraternal beneficiary societies. At the same session of the legislature section 2 of the Revenue act, which is the section exempting certain property therein described from taxation, was amended by adding thereto a clause designated as clause eleventh, which was as follows: "All property described in this section, to the extent herein limited, shall be exempt from taxation, that is to say: * * * Eleventh—All the money collected and on hand within this State of every kind and nature of fraternal beneficiary societies and the subordinate lodges thereof which are organized and exist or admitted to do business under the laws of the State of Illinois, and used exclusively for the purposes of such societies, and not for pecuniary profit." Said clause 11 was held to be unconstitutional and void in *Supreme Lodge Modern American Fraternal Order v. Board of Review*, 223 Ill. 54, and the action of the board of review of Effingham county in assessing the personal property of the Supreme Lodge Modern American Fraternal Order under the general provisions of the Revenue act was affirmed.

Appellant contends that as it was the evident intention of the legislature, in thus amending sections 2 and 13 of the Revenue act in 1905, to exempt the property of fraternal beneficiary societies from taxation, and as no provision has ever been made for the assessment of such property since the amendment to section 2 was held unconstitutional, there exists no law under which such property can be assessed or taxed. In this connection it insists that the constitutional provision for levying and assessing taxes is not self-executing, and as the legislature has enacted no legislation for the assessment of the property of fraternal beneficiary societies there is no law under which such property can be assessed. This argument is based upon the assump-

tion that section 13 of the Revenue act is the only authority in the statute for assessing the property of life insurance companies and kindred societies. Such an assumption is erroneous. Prior to the amendment of 1905 all such companies and societies were assessed under the general provisions of the Revenue act. By the amendment of 1905 the method by which life insurance companies organized under the laws of this State should be assessed and taxed was prescribed. By this amendment such companies were, to the extent of the provisions of that amendment, withdrawn from the operation of the general provisions of the act, but aside from this, section 13, as amended in 1905, did not do more than specify the place where the property of the companies or associations therein named should be listed for assessment. So far as the effect of section 13 is concerned, the determination of the property liable to assessment and the manner in which its value should be ascertained, with the exception of the property of life insurance companies organized under the laws of this State, were still governed by the general provisions of the Revenue act.

It is insisted that if the property of appellant is liable to assessment appellant should have been treated as in the same class with life insurance companies organized under the laws of this State and its property assessed under the provisions of section 13, as amended in 1905. The insuperable objection to this contention is, that that section specifically provides that the term "life insurance companies organized under the laws of this State," as used in that section, shall not be construed to apply to fraternal beneficiary societies.

Appellant next contends that if its property cannot be assessed in like manner as the property of life insurance companies organized under the laws of this State, then any act under which it is attempted to tax the property of appellant is void and in violation of section 1 of article 9 of the constitution, which provides that the General As-

sembly shall provide such revenue as may be needful by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to his, her or its property. The basis of the contention is, that because of the provisions of section 13 prescribing the method for fixing the value of the personal property of life insurance companies appellant is required to pay a tax which is out of proportion to its property when compared with like property of life insurance companies. Appellant, as it contends, is no doubt a kindred institution to a life insurance company, and there is force to its contention that the same method of fixing the value of its property for the purposes of taxation should be prescribed. Appellant's property, however, was assessed under the general provisions of the Revenue act, which constitute the general law with reference to the assessment of property for taxation. The provision under which the property of life insurance companies is assessed for taxation is a special provision and operates as an exception to the general law on the subject. If any of these provisions violate the constitutional provision with reference to uniformity of taxation it must necessarily be the special provision relating to the assessment of property of life insurance companies. Appellant was not assessed under the special provision, and is therefore in no position to question, in this suit, the constitutionality of that portion of section 13 which relates to the assessment of property of life insurance companies.

At the time the assessment was made appellant had outstanding beneficiary certificates amounting to $92,000,000, which, according to the report of the insurance superintendent, constituted liabilities, as computed by standard tables, amounting to $23,424,040.32. This amount appellant contends it was entitled to deduct from its credits, which were less than the liability on outstanding beneficiary certificates. Such a liability as this is not the liability contemplated by section 27 of the Revenue act, which provides that in mak-

ing up the amount of credits which any person is required to list he shall be entitled to deduct from the gross amount of credits the amount of all *bona fide* debts owing by such person for a consideration received. The liability upon a benefit certificate is contingent, and does not become a *bona fide* debt, under the provisions of said section 27, until the society becomes liable, under the provisions of its contract, to pay the amount of such certificate.

Section 13 of the Revenue act, as has been stated, fixes the place where the property of certain specified companies, associations and corporations, "and companies not specially provided for in this act," shall be listed and assessed. The property of such companies is required to be listed and assessed in the county, town, city, village or district where their business is carried on, except such property as shall be liable to assessment in the hands of agents. It is contended that the supreme banker, who resides at Ottawa, was the agent of appellant and had in his hands all the funds and credits which were assessed in Whiteside county. The supreme banker was not the agent of appellant as that term is used in section 13. He is one of the officers of the society, and it is his duty to take charge of the funds of appellant and keep the same in his custody. The business of appellant is carried on, as is disclosed by the evidence, in the city of Fulton, and although the supreme banker may, during his two years' term of office, reside at Ottawa or some other city or village outside Whiteside county, the funds and credits of the society, so long as it maintains its head office in the city of Fulton and carries on its business there, are properly assessable at that place.

The assessment of the property of appellant was properly made, and the judgment of the county court is affirmed.

*Judgment affirmed.*