THE PEOPLE *ex rel.* C. W. Pavey, Auditor,

*v.*

THE WABASH RAILWAY COMPANY.

*Filed at Springfield May 11, 1891.*

1.   TAXATION—*Wabash Hospital—whether exempt—power of board of supervisors.* A board of supervisors has no authority of law to pass an order that property known as the "Wabash Hospital" is exempt from taxation, without proof that the building is, in the language of the statute, (Revenue act, sec. 2,) "actually and exclusively used for public charity, and not leased or otherwise used with a view to profit;" and such proof should be preserved in the record, or the order will be reversed.

2.   SAME—*law exempting—strictly construed.* The law claimed to exempt property from taxation must be strictly construed, and it devolves upon those claiming that specific property is thus exempt, to clearly show that it is within the contemplation of the law.

APPEAL from an order of the board of supervisors of Sangamon county, holding that the property of the Wabash Hospital is exempt from taxation.

Mr. GEORGE HUNT, Attorney General, for the People.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This case is brought here by the Auditor of Public Accounts, pursuant to the provisions of the third clause of section ·97 of the Revenue act, (Rev. Stat. 1874, p. 873,) to determine the validity of the act of the board of supervisors of Sangamon county in declaring what is styled in the record the "Wabash Hospital" exempt from assessment for taxation.

The law claimed to exempt property from taxation must be strictly construed, and it devolves upon those claiming that specific property is thus exempt, to clearly show that it is within the contemplation of the law.   Cooley on Taxation, (1st ed.) p. 146; *M. G. L. Co.* v. *Shelby County*, 109 U. S.

398; *People* v. *Comrs. of Taxes,* 95 N. Y. 554; *Montgomery et al.* v. *Wyman et al.* 130 Ill. 17; *In re Livingston,* 123 id. 267; *People* v. *Anderson,* 117 id. 50. So much of the Revenue act as authorizes the exemption of property from assessment for taxation will be found in the seventh clause of section 2 of the Revised Statutes of 1874, (p. 857,) and the property thus declared to be exempt is thus described: "All property of institutions of purely public charity, when actually and exclusively used for such charitable purposes, not leased or otherwise used with a view to profit."

We may infer from the mere name, perhaps, that the Wabash Hospital is an institution for the benefit of afflicted persons, to some extent; but we can not, nor could the board of supervisors of Sangamon county, take judicial knowledge, in the absence of evidence in that respect, that it comes within the contemplation of the language of the Revenue act. (*Ubi supra.*) There appears to have been no evidence before the board of supervisors upon the subject. The affidavit of Dr. Moorhouse as to what is not assessed at other places is not any evidence that this hospital is such an institution as the statute intends shall be exempt from taxation, and there was nothing else before the board having even the semblance of evidence, for the only other paper before the board—the petition of certain employes of the road—does not assume to prove anything, but is a mere request, unsupported even by an affidavit, that the board shall make an order exempting the institution from taxation.

The order was clearly unauthorized by the evidence before the board, and it is therefore reversed. To authorize such exemption it must be proved to the board that the hospital is, in the language of the statute, "actually and exclusively used for public charity, and not leased or otherwise used with a view to profit," and the evidence should be preserved in the record.

*Order reversed.*