THE BOARD OF DIRECTORS OF THE STINSON MEMORIAL LIBRARY, Appellant, *vs.* THE BOARD OF REVIEW OF UNION COUNTY, Appellee.

*Opinion filed February 25, 1911.*

1. TAXES—*statutes exempting property from taxation will not be extended by judicial construction.* Statutes exempting property from taxation must be strictly construed and will not be extended by judicial construction, as all presumptions are against an intention of the State to bind itself by such an exemption.

2. SAME—*one claiming exemption must clearly show that the property is within the statute.* One claiming that certain property is exempt from taxation must clearly show that the property is within the statute.

3. SAME—*same rule governs exemptions claimed by municipal corporations as governs private persons or corporations.* The rule requiring a strict construction of tax exemption statutes applies whether the property claimed to be exempt belongs to a private person or corporation or to a municipal corporation.

4. SAME—*when trust fund intended to be used for free library is not exempt.* A trust fund held by directors appointed by a city under an ordinance declaring the establishment of a free public library in accordance with a will creating the trust, which requires the directors to invest the fund until such time as a building for

a free public library can be erected with the income from the fund, after which the income shall be devoted to the purposes of such library, is not within the tax exemption in favor of "all free public libraries" until the library is actually established, and is not clearly within any other provision of section 2 of the Revenue act, relating to tax exemptions.

AUDITOR'S certificate of appeal to review the decision of the Board of Review of Union county.

H. F. BUSSEY, for appellant.

W. H. STEAD, Attorney General, and ROY WRIGHT, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decision of the board of review of Union county that a certain fund in the treasury of the city of Anna, known as the "Stinson Memorial Library fund," is subject to taxation, and the facts have been certified to this court by the Auditor of Public Accounts, as required by statute.

The facts, as we gather them from the record, are, that Robert B. Stinson, a resident of said city of Anna, died testate October 11, 1903. By the nineteenth clause of his will he devised and bequeathed to the city of Anna the residue of his estate, real and personal, "to use and be used by it, through its lawfully appointed trustees or directors, for the purpose of establishing, erecting and maintaining a free public library and reading room for the general use and benefit of citizens of said city of Anna and of the surrounding country and county." The will directed that if the bequest was accepted the mayor and board of aldermen of the city should proceed to organize a library and appoint a board of directors therefor in the manner provided by statute and that the title to the property devised and bequeathed should vest in the board of directors so created

and appointed. The will directed that the directors so appointed should manage and invest the property so as to produce the greatest income and revenue therefrom, and retain the property until such time as the interest or revenue therefrom should be sufficient, in amount, to erect in said city of Anna a suitable and appropriate fireproof library building, to be used as a free public library building and reading room, "it being my will and desire and request that the principal sum or fund and property hereby given shall not be diminished, but that the same shall continually be safely invested and the income therefrom shall be used for the erection of said library building and reading room, and that when so erected the income to be derived from the estate hereby given it, to be used and utilized in furnishing, supplying with books and reading material, and similar equipment, and to maintain in a proper, usable, convenient and accessible and useful and beneficial manner the library so created, under the directions of the lawful authorities of said city of Anna, in the manner provided by law." At a regular meeting of the city council of the city of Anna held December 7, 1903, the council adopted a resolution accepting the bequest and devise upon the terms and for the uses and purposes provided by the will. On January 4, 1904, the council adopted an ordinance reciting the city's acceptance of the provisions of the will. The ordinance declared the establishment of the library, to be known as the "Stinson Memorial Library," and provided for its erection, maintenance and government according to the laws of Illinois and the provisions of the will of Robert B. Stinson, deceased. It also provided for the appointment of a board of nine directors by the mayor, with the approval of the council, who should have control and management of the fund and library. The fund was required to be deposited in the city treasury, to be kept in a separate account, known as the "Stinson Memorial Library fund," and drawn out by warrants issued by the mayor and clerk upon properly

authenticated vouchers issued by the board of directors. Said board of directors are required to make reports annually, on the second Monday in June, of the condition of the fund, receipts and expenditures. The management and investment of the fund are placed under the control of the board of directors. Pursuant to said ordinance nine directors were appointed by the mayor, by and with the consent and approval of the city council, and they have had the control and management of said fund since their appointment. By their last annual report, made under date of June 4, 1910, it appears that the fund received under the provisions of the will of Robert B. Stinson amounted to $50,082; that this sum has been kept invested in interest and dividend bearing securities, the net income amounting to $19,478.52 at the date of said report. No building has as yet been erected.

The board of directors of said library fund appeared before the board of review and objected to said fund being taxed. All the facts above recited were placed before the board of review. The board of directors of the library fund represented to the board of review that they were holding and investing the fund until such time as the income from it would enable them to erect and equip a library building and reading room, and the principal fund was to be retained and invested for the purpose of furnishing, equipping and maintaining said building and library when the building was erected. On this ground it is claimed the property is exempt from taxation.

Section 3 of article 9 of the constitution authorizes exemptions from taxation of certain property therein enumerated, by general laws. Pursuant to the authority conferred by said section of the constitution, section 2 of the Revenue act was adopted by the legislature. The property exempted by said section is divided into eleven classes. The money here involved must be found to be included in the seventh clause of said section if it comes within any of the

classes of property exempted from taxation by said section. Said seventh clause reads as follows:

"*Seventh*—All property of institutions of public charity, when actually and exclusively used for such charitable purposes, not leased or otherwise used with a view to profit; and all free public libraries."

It is not, and could not, we think, with any reason be, contended that the money sought to be taxed in this case is exempt as property of an institution of public charity actually and exclusively used for charitable purposes, not otherwise used with a view to profit. (*People* v. *Seaman's Friend Society,* 87 Ill. 246.) The position of the library board is, that the money was devised for the establishment of a free public library; that the title to it vested in the board of directors for that purpose; that it is to be treated and considered as property of a free public library, and therefore exempt from taxation under the clause exempting "all free public libraries." The difficulty with this argument is, that no free public library has as yet been established. We must assume that at some time such a library will be established, for the money in the hands of the board of directors, under the terms of the devise, can be used for no other purpose, but it would require a liberal construction of the statute to say that money intended to be used at some future time for the establishment of a library is within the statute exempting "all free public libraries." The constitution of Kansas exempts all property used exclusively for educational purposes. A tract of land owned by Washburn College, and not then used or occupied but intended for use as a permanent site for the institution as soon as it could be done, was assessed for taxation by the tax authorities, and in *Washburn College* v. *Commissioners of Shawnee County,* 8 Kan. 344, it was held not exempt from taxation. In the opinion by Mr. Justice Brewer it was said that to come within the exemption three things were required: First, that the property is used; second,

that it is used for educational purposes; and third, that it is used for no other purpose. The court said an intention to use it for educational purposes was not sufficient; that if it had been intended to exempt such property different language would have been used in providing for the exemption.

Statutes exempting property from taxation must be strictly construed, and it devolves upon those claiming the exemption to clearly show that the property is within the statute. (*People* v. *Wabash Railway Co.* 138 Ill. 85; *People* v *City of Chicago,* 124 id. 636; *Bloomington Cemetery Ass'n* v. *People,* 170 id. 377; *Catholic Knights* v. *Board of Review,* 198 id. 441.) All presumptions are against an intention of the State to bind itself by the exemption of property from taxation. Exemptions will be construed strictly and cannot be made by judicial construction to embrace other subjects than those plainly expressed. (*In the matter of Swigert,* 123 Ill. 267; *People* v. *Seaman's Friend Society, supra.*) The same rule requiring a strict construction of statutes exempting property belonging to private persons or corporations from taxation is applied to municipal corporations also. (*Sanitary District* v. *Martin,* 173 Ill. 243.) Undoubtedly, when the library is established it will be exempt from taxation, but the fund intended to be devoted to that use at some future time does not clearly come within any of the designations of property exempt from taxation by the legislature, and we are not permitted by judicial construction to hold property exempt that is not clearly embraced within the provisions of the statutes.

The decision of the board of review is therefore affirmed.   *Decision affirmed.*