[No. 23637. Department Two. August 19, 1932.]

SPOKANE COUNTY, *Appellant*, v. THE CITY OF SPOKANE, *Respondent.*

THE CITY OF SPOKANE, *Respondent*, v. SPOKANE COUNTY, *Appellant.*[1]

356

*C. W. Greenough* and *A. O. Colburn,* for appellants.

*J. M. Geraghty* and *Alex M. Winston,* for respondent.

*The Attorney General, E. W. Anderson, Assistant, A. C. Van Soelen,* and *John E. Sanders, amici curiae.*

Millard, J.—By a foreclosure proceeding for nonpayment of county taxes assessed against the property, the title to lots standing in the name of the city of Spokane was acquired by the county of Spokane. An action instituted by the county to quiet its title to that property was resisted by the city on the ground that, being municipally owned, the property was not subject to taxation. The city of Spokane brought an action to cancel the assessment for county taxes levied against all of the other property the city had acquired through foreclosure of local improvement assessments. On the ground that the state constitution exempted property of a municipal corporation from taxation, the trial court entered a judgment in favor of the city of Spokane in each of the two actions, which were consolidated for trial and appeal. From those judgments, the county of Spokane has appealed.

Is property acquired by a municipal corporation through foreclosure of local improvement assessments and held in trust by the municipal corporation for the fund of the improvement district exempt from taxation under the constitutional provision (Art. VII, § 2) ''that the property of . . . municipal corporations

. . . shall be exempt from taxation?" That is the only question presented by this appeal.

The provisions of the statute pertinent to the appeal read as follows:

"Whenever any property shall be bid in by any city or town or be stricken off to any city or town under and by virtue of any such proceeding or proceedings provided in this act said property shall be held in trust by said city or town for the fund of the improvement district for the creation of which fund said assessment was levied and for the collection of which assessment said property was sold: Provided, such city or town may at any time after the procuring of a deed pay in to such fund the amount of the delinquent assessment for which said property was sold and all accrued interest and interest to the time of the next call for bonds or warrants issued against such assessment fund at the rate provided thereon, and thereupon shall take and hold said property discharged of such trust." Rem. 1927 Sup., § 9383.

"Any city or town may at any time after deed is issued to it under and by virtue of any proceedings mentioned in this act lease or sell or convey any such property at public or private sale for such price and on such terms as may be determined by resolution of the city or town council or other legislative body, any provisions of law, charter or ordinance to the contrary notwithstanding, and all proceeds resulting from such sales shall ratably belong to and be paid into the fund or funds of the local improvement district or districts concerned after first reimbursing any fund or funds having advanced any moneys on account of said property." Rem. 1927 Sup., § 9384.

In two of the causes of action, the respondent's deed was acquired upon judicial sale after foreclosure by the city of delinquent local assessments under Rem. 1927 Sup., § 9386. In another cause of action, the city acquired deed from Spokane county after foreclosure by and sale to the county for general taxes, and prior

to a resale under the authority of the first proviso of Rem. Comp. Stat., § 9393, as amended by chapter 143, Laws of 1929, p. 364. The other property involved was acquired for the respondent's local improvement guaranty fund at a county general tax foreclosure under § 3, chapter 209, p. 309, Laws of 1927 (Rem. 1927 Sup., § 9351-3).

All of the property was held by the respondent in trust solely for the benefit of the local improvement district fund. That trust was not terminated. It could have been ended in one of three ways: First, by the city paying into the fund of the local improvement district the amount of the delinquent assessments for which the property was sold, as outlined in the proviso of § 9383, *supra;* second, by sale of the property in the manner prescribed in § 9384, *supra*; or third, by a receivership proceeding as provided in chapter 142, Laws of 1929, p. 362.

Taxation is the rule, and exemption is the exception. Where there is an exception, the intention to make one should be expressed in unambiguous terms. *Columbia Irr. Dist. v. Benton County,* 149 Wash. 234, 270 Pac. 813.

"Statutes exempting property from taxation must be strictly construed, and it devolves upon those claiming the exemption to clearly show that the property is within the statute. (*People v. Wabash Railway Co.,* 138 Ill. 85 [27 N. E. 694]; *People v. City of Chicago,* 124 id. 636 [17 N. E. 56]; *Bloomington Cemetery Ass'n v. People,* 170 id. 377 [48 N. E. 905]; *Catholic Knights v. Board of Review,* 198 id. 441 [64 N. E. 1104].) All presumptions are against an intention of the State to bind itself by the exemption of property from taxation. Exemptions will be construed strictly and cannot be made by judicial construction to embrace other subjects than those plainly expressed. (*In the Matter of Swigert,* 123 Ill. 267 [14 N. E. 32]; *People v. Seaman's Friend Society, supra* [87 Ill. 246].) The

same rule requiring a strict construction of statutes exempting property belonging to private persons or corporations from taxation is applied to municipal corporations also." *Board of Directors of Stinson Memorial Library v. Board of Review of Union County,* 248 Ill. 590, 94 N. E. 153.

■ That the legislature did not intend to exempt from taxation property acquired by a city through foreclosure of local improvement assessments, is manifest. The statute provides that,

"At such sale each lot . . . shall be sold to the person offering to pay therefor not less than the full amount of the assessments, interest, penalty and costs adjudged to be due thereon, and if no such offer is received shall be sold to the city for such amount . . .

"The purchaser of such property shall take the same subject to the lien of all unpaid general taxes and local improvement assessments other than the particular installment or installments thereof for which said lot, tract or parcel of land or other property was sold." Rem. 1927 Sup., § 9386.

Had the legislature intended to exempt such property from taxation, there would have been a provision in the statute to the effect that such property would not be subject to the lien of all unpaid general taxes. Property acquired by a county by foreclosure of a lien of general county taxes is expressly exempted from taxation while it is the property of the county.

"All property deeded to the county under the provisions of this act shall be stricken from the tax rolls as county property and exempt from taxation and shall not be again assessed or taxed while the property of the county." (Rem. 1927 Sup., § 11097-131.) Laws 1925, Ex. Sess., chapter 130, p. 316, § 131.

Surely, had the legislature intended to exempt from taxation property acquired and held by a city as in the cases at bar, the legislature would have manifested

such purpose by specific terms, as it did in the case of property acquired by a county by foreclosure of the lien of general county taxes.

The city did not own the property. While the legal title to the property is in the respondent city, the property is not, within the meaning of Art. VII, § 2, of the state constitution, the property of the respondent. The property is not held by the city in the same right as its general corporate property. The statute unambiguously creates a trust for the benefit of the holders and owners of the local improvement obligations, and just as clearly designates the city as a trustee to execute the trust. Had the trust been terminated as the statute provides, the respondent would, of course, have taken title discharged of the trust and held the property absolutely as it held other corporate property.

That is, had the respondent chosen to acquire the title, as the statute provided, the land would then have become the property of the municipal corporation and, as such, exempt from taxation. The beneficial interest of the property would not then be in private persons and the title to the property held merely in trust by the city. As now held, it is not property of the municipal corporation and is not exempt from taxation.

"If a state or municipality holds property in trust, it is nevertheless taxable where the trust is not for the benefit of the state or municipality but instead for the benefit of third persons." Cooley, Taxation (4th ed.), 1324, § 629.

The constitution of the state of Missouri provides that "the property, real and personal of the state, county, or other municipal corporation, shall be exempt from taxation." Under that constitutional provision, the supreme court of Missouri held, in *St. Louis v. Wenneker*, 145 Mo. 230, 47 S. W. 105, 68 Am. St. 560,

that property held by a municipal corporation in trust for the benefit of third persons was not exempt from taxation. The court said:

"It is said that it is the property of the city of St. Louis and hence is exempt.

"The legal title is unquestionably in said city, but it remains to be determined whether it is the property of the city within the meaning of the above section of the constitution. It is certainly not held by it in the same manner or in the same right as its general corporate property. The devise is to it as *trustee.* The gift is not to the city of St. Louis. A trust is created for the benefit of a particular class, and the testator selected the city to execute it. . . .

"The constitution should not be construed to exempt real estate held *in trust* by a *city* and to require the taxation of that held by the same title, and upon the same trusts by an individual trustee. . . .

"We think that the property of a county or city exempted from taxation by the constitutional provision hereinbefore quoted, is that of which such county or city is the beneficial owner, which is held by it 'for its own use' and not merely in trust. It does not include that in which the only interest of the municipality is as *trustee.* We therefore hold that this real estate is not exempt from taxation."

To the same effect is *McChesney v. People,* 99 Ill. 216, in which the supreme court of Illinois held that a municipal corporation cannot hold private property in trust for private persons so as to exempt it from the imposition of taxes or special assessments under general laws.

The test is whether the trust created by § 9383, *supra,* is for the benefit of the municipal corporation or for the benefit of third persons. It is patent that the trust is for the benefit of the holders of the bonds or other obligations of the improvement district, and not for the benefit of the respondent city. The statute expressly provides for the running of the trust in favor

of the fund of the improvement district, to which fund the bond or warrant holders must look for the benefit of their obligations. It follows that the trust is for the security of third persons, and not for the benefit of the city; therefore, the property is not exempt from taxation, and the judgments are reversed.

TOLMAN, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.