[No. 27680. Department One. February 27, 1940.]

THE CITY OF SEATTLE, *Appellant,* v. KING COUNTY, *Respondent and Cross-appellant.*[1]

[1]Reported in 99 P. (2d) 621.

A. C. Van Soelen, J. Ambler Newton, and Tom M. Alderson, for appellant.

B. Gray Warner and Lloyd W. Shorett, for respondent and cross-appellant.

MAIN, J.—The city of Seattle brought this action for the purpose of prohibiting King county from enforcing the collection of taxes upon property which the city had previously acquired. The taxes involved are for the years 1928 to 1937, inclusive. The trial court made findings of fact from which it was concluded that the county had no right to foreclose for the years 1933 to 1937, inclusive, but did have a right to foreclose for the years 1928 to 1932, inclusive. From the decree entered in accordance with the conclusions, the city appealed, and the county cross-appeals.

The principal question here for decision is whether a city, acquiring tax-foreclosed property from a county in order to protect local improvement district obligations, acquires such property in its corporate capacity. If it does, the property, under the fourteenth amendment to the state constitution, is "exempt from taxation." The question presented is one of statutory interpretation.

Rem. Rev. Stat., § 9383, provides that, whenever any property shall be acquired by a city or town through the foreclosure of delinquent local improvement assessments, it shall be held in trust

" . . . for the fund of the improvement district for the creation of which fund said assessment was

levied and for the collection of which assessment said property was sold: . . ."

Section 9393 [P. C. § 1028], in part, provides that, in any case where property has been purchased by the county when sold for general taxes, if such property be subsequently sold by the county, the proceeds of such sale shall first be applied to the discharge in full of the lien or liens for general taxes for which the same was sold, and the remainder, or such portion thereof as shall be necessary, shall be paid to the city to discharge "all local assessment liens upon such property, . . . " In this section, it is further provided that, after a county forecloses for general taxes upon property which is subject to local improvement assessments, the city or town levying those assessments may acquire the property from the county at any time before resale by the county.

It will be observed that property which is acquired under § 9383 is held in trust by the city for the benefit of the local improvement district, and that, in § 9393, there is no express provision that the property there acquired by the city or town shall be held in trust for the benefit of the local improvement district.

In the case of *Spokane County v. Spokane,* 169 Wash. 355, 13 P. (2d) 1084, there was involved property of the city some of which had been acquired under the procedure provided for in § 9383, and some of which had been acquired under the provisions of § 9393. It was there definitely held that the property acquired under § 9393, as well as the property under § 9383, was held in trust for the benefit of the bondholders and other creditors of the local improvement districts, and, being held in trust, it was subject to taxation. It was there said:

"In two of the causes of action, the respondent's [city of Spokane] deed was acquired upon judicial sale after

foreclosure by the city of delinquent local assessments under Rem. 1927 Sup., § 9386. In another cause of action, the city acquired deed from Spokane county after foreclosure by and sale to the county for general taxes, and prior to a resale under the authority of the first proviso of Rem. Comp. Stat., § 9393, as amended by chapter 143, Laws of 1929, p. 364. The other property involved was acquired for the respondent's local improvement guaranty fund at a county general tax foreclosure under § 3, chapter 209, p. 309, Laws of 1927 (Rem. 1927 Sup., § 9351-3).

"All of the property was held by the respondent in trust solely for the benefit of the local improvement district fund."

In the case now before us, the city recognizes the force of that decision and asks us to again examine the question, which we have done, and it is only necessary to say that we adhere to the holding there made.

The reason the trial court allowed foreclosure for the years 1928 to 1932, inclusive, and denied it for the years 1933 to 1937, inclusive, was that the legislature, after the decision in the *Spokane* case, amended § 9383 by adding a proviso thereto which reads as follows:

"*Provided further,* That property deeded to any city or town which shall become a part of the trust being exercised by the said city for the benefit of any local improvement district fund of the said city shall be exempt from taxation for general, state, county and municipal purposes during the period that it is so held." Laws of 1933, chapter 107, p. 425, § 1 (Rem. Rev. Stat. (Sup.), § 9383 [P. C. § 1019]).

It will be noted that, in that proviso, the city is relieved from the taxes there specified, even though it holds the property in trust, and the county had no right to levy the taxes subsequent to the effective date of that act.

■■    We are asked by the city of Seattle in this case to give that statute a retroactive construction so that it would apply to the years 1928 to 1932, inclusive, as well as to the years 1933 to 1937, inclusive. Retroactive statutes are generally regarded with disfavor, and a statute will not be given that construction unless, by its terms, it is shown clearly that that was the legislative intent. *Graves v. Dunlap*, 87 Wash. 648, 152 Pac. 532, Ann. Cas. 1917B, 944, L. R. A. 1916C, 338; *Bruenn v. North Yakima School Dist. No. 7*, 101 Wash. 374, 172 Pac. 569. We see nothing in the act of 1933 which would indicate a legislative intent to have it take effect retroactively.

Without going into detail, the case of *State ex rel. Spokane v. DeGraff*, 143 Wash. 326, 255 Pac. 371, upon which the city relies in this regard, is clearly distinguishable.

■    The county, upon its cross-appeal, presents the question of whether the amendment of 1933, above set out, exempts from taxation property acquired by the city under § 9393, and argues the question briefly. Inasmuch as the court held, in the case of *Spokane County v. Spokane*, 169 Wash. 355, 13 P. (2d) 1084, that the property acquired under § 9393 was held in trust by the city, we see no reason why the proviso should not apply to property acquired by the city under that section, as well as under § 9383.

The decree appealed from will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.