935 P.2d 606 (1997)
131 Wash.2d 768
CITY OF KENNEWICK, a municipal corporation, Respondent,
v.
BENTON COUNTY, a municipal corporation, and Washington State Department of Revenue, Appellant.
No. 63629-0.
Supreme Court of Washington, En Banc.
Argued June 25, 1996.
Decided April 24, 1997.
Andrew K. Miller, Benton County Prosecutor, Terry M. Tanner, Jr., Deputy, Kennewick, for appellant.
*607 William L. Cameron, Kennewick City Attorney, Kennewick, for respondent.
JOHNSON, Justice.
This case requires us to apply the tax exemptions contained in article VII, section 1 (amend.LXXXI) of the Washington State Constitution and RCW 84.36.010 to determine whether a multipurpose stadium facility owned jointly by a private corporation and the City of Kennewick (Kennewick) is wholly or partially exempt from property taxes levied by Benton County (County). We find Kennewick's ownership interest in the stadium facility exempt from taxation.

FACTS
The Tri-Cities Coliseum (Coliseum) is a multi-purpose stadium facility located in Kennewick, Washington, and jointly owned by Kennewick and the Tri-Cities Coliseum Corporation (TCCC). The ownership and operation of the Coliseum is governed by a Joint Venture Partnership Agreement entered into by Kennewick and TCCC in 1994. Under the partnership agreement, Kennewick holds a 49 percent ownership interest in the Coliseum; however, legal title to the Coliseum is in Kennewick's name, held in trust for the benefit of the joint venturers.
After Kennewick and TCCC's purchase of the Coliseum in 1994, the County assessed Kennewick for property taxes on the Coliseum$95,768.98 for the second half of 1994 and $96,733.35 for the first half of 1995. Under protest, Kennewick paid both assessments plus interest and penalties. The City claimed the assessments were illegal under article VII, section 1 of the Washington Constitution on the grounds: (1) the property of municipal corporations is exempt from property tax; or (2) if not wholly exempt, Kennewick's 49 percent interest is exempt.
On June 30, 1995, Kennewick filed a complaint in Benton County Superior Court seeking to recover the previously paid taxes. Shortly thereafter, the County filed a motion to dismiss for failure to state a claim. The City responded by filing a motion for summary judgment. Both motions were argued on September 7, 1995. The trial court granted Kennewick's motion for summary judgment, and entered a judgment ordering a refund of 49 percent of the taxes paid by Kennewick. In support of the judgment, the court entered a finding that RCW 84.36.010 is repugnant to article VII, section 1 of the Washington Constitution.
The County appealed directly to this court, seeking to have the trial court's decision reversed and an order directing the trial court to grant its motion to dismiss. The City cross-appealed, asking this court to find the Coliseum completely tax exempt. While we find RCW 84.36.010 is not repugnant to article VII, section 1 of the Washington Constitution, we agree with and affirm the trial court's finding that Kennewick's 49 percent interest is exempt from taxation by the County.

ANALYSIS
The issue in this case, involving statutory and constitutional construction, is a question of law reviewed de novo by this court. See Rettkowski v. Department of Ecology, 128 Wash.2d 508, 515, 910 P.2d 462 (1996).
Article VII, section 1 contains an exemption from property taxes for property owned by governmental entities. The relevant portions of article VII, section 1 state: "The word `property" as used herein shall mean and include everything, whether tangible or intangible, subject to ownership.... Property of the United States and of the state, counties, school districts and other municipal corporations ... shall be exempt from taxation." Wash. Const. art. VII, § 1 (amend. LXXXI). This definition of property "is as broad and comprehensive as may well be imagined." American Smelting & Ref. Co. v. Whatcom County, 13 Wash.2d 295, 302, 124 P.2d 963 (1942). RCW 84.36.010 contains a similar exemption: "All property belonging exclusively to the United States, the state, any county or municipal corporation ... shall be exempt from taxation."
This court has not previously addressed the application of these exemptions to property jointly owned by public and private entities; however, we have addressed the issue *608 of property held in trust by a municipality for the benefit of a third party, in the context of article VII, section 1. In Spokane County v. City of Spokane, 169 Wash. 355, 13 P.2d 1084 (1932), the city of Spokane held fee simple title to certain real property in trust for the local improvement fund, acquired through foreclosure of local improvement assessments. Spokane County, 169 Wash. at 356-59, 13 P.2d 1084. The city's acquisition of the property was made pursuant to specific statutory authority. Spokane County, 169 Wash. at 357-58, 13 P.2d 1084. The statute also required the property be held in trust by the city for the benefit of the local improvement fund until the assessments had been discharged. Spokane County, 169 Wash. at 357, 13 P.2d 1084. After the city's acquisition of the property, Spokane County foreclosed the same properties for delinquent property taxes. Spokane County, 169 Wash. at 356, 13 P.2d 1084. The city brought an action to quiet title to the properties, claiming article VII, section 1 exempted the property from county taxes.[1] This court held the property was not the property of the city within the meaning of article VII, section 1: "[t]he test is whether the trust ... is for the benefit of the municipal corporation or for the benefit of third persons." Spokane County, 169 Wash. at 361, 13 P.2d 1084; see also 2 Thomas M. Cooley, Taxation § 629 (4th ed. 1924) (property held in trust by a municipality for the benefit of a third party is taxable). The court held the property was not exempt because the city held the property in trust for the benefit of the local improvement fund and not for itself.
Applying this rule here, the fact Kennewick holds full legal (i.e., fee simple) title to the Coliseum does not result in full exemption from taxation because legal title does not determine who benefits from ownership. Rather, Spokane County requires us to determine who benefits from the ownership structure of the property. Under the partnership agreement, Kennewick holds a 49 percent interest in the Coliseum; Kennewick contributed 49 percent of the purchase price and is accountable for 49 percent of the profits and liabilities. In other words, Kennewick is a 49 percent beneficiary of the trust that holds the legal title to the Coliseum. Therefore, we hold Kennewick's 49 percent beneficial interest is exempt.
This result is consistent with a decision of the Supreme Court of Texas addressing a substantially similar factual situation. In Galveston Wharf Co. v. City of Galveston, 63 Tex. 14 (1884), the City of Galveston held an undivided one-third interest in both the real property and business of the wharf company. Galveston, 63 Tex. at 22. The company brought an action seeking to enjoin the city from collecting taxes on the one-third interest owned by the city. Galveston, 63 Tex. at 15-16. The court held the city could not tax its own one-third interest, relying on a constitutional exemption and the general rule that property owned by a municipal corporation and used for a public purpose is exempt from taxation. Galveston, 63 Tex. at 23.[2] The court found a wharf was public by its very nature and the ownership decree required the city to spend any dividends received for the benefit of the city's residents. Galveston, 63 Tex. at 23 The court relied on the nature of the use of the property and the beneficial ownership structure in finding the exemption for publicly owned property applied to Galveston's one-third interest.
We have not previously applied a public purpose analysis to either of the exemptions at issue. However, this analysis is widely used by other jurisdictions in this context. See Cooley, supra, § 638, at 1336 ("The ultimate test is not municipal ownership but public use"); 3A Norman J. Singer, Statutes and Statutory Construction § 66.09, at 43 (5th ed. 1992) (tax exemption for property *609 held by the state is entitled to liberal construction only if property is used for a public purpose or the state enjoys beneficial ownership of it).
In this case, a public purpose inquiry leads us to the same finding that Kennewick's 49 percent interest is exempt. Public ownership of sports stadiums and convention facilities is governed by RCW 67.28. Specifically, RCW 67.28.120 authorizes municipalities (defined as any county, city, or town) either individually or jointly with any "person" to purchase public stadium facilities. The definition of "person" includes any private corporation, partnership, association, or individual. RCW 67.28.080. This chapter also declares: "The acts authorized herein are declared to be strictly for the public purposes of the municipalities authorized to perform same." RCW 67.28.140. Kennewick properly entered into an agreement with a corporation to purchase a public stadium and convention facility. Therefore, Kennewick's 49 percent interest in that facility is statutorily declared to be for public purposes. The County does not challenge this statutory declaration of public purpose.
In sum, we hold Kennewick's 49 percent ownership interest in the Coliseum, for a statutorily declared public purpose, is tax exempt. Applying the broad definition of "property" in article VII, section 1 and the beneficial interest test from Spokane County, we find Kennewick's 49 percent interest meets article VII, section 1's beneficial ownership test. Thus, the plain language of article VII, section 1 exempts from taxation Kennewick's 49 percent interest.
The State argues the "belonging exclusively" language found in RCW 84.36.010 narrows article VII, section 1's exemption and requires Kennewick to be the exclusive beneficial owner of the Coliseum before the constitutional tax exemption can apply. We disagree. Constitutional provisions cannot be restricted by legislative enactments. See State v. White, 97 Wash.2d 92, 106-07, 640 P.2d 1061 (1982).
The "belonging exclusively" language of RCW 84.36.010 need not be read to restrict the article VII, section 1 exemption. In Chief Seattle Properties, Inc. v. Kitsap County, 86 Wash.2d 7, 541 P.2d 699 (1975), we discussed the "belonging exclusively" language in RCW 84.36.010. The issue in Chief Seattle Properties concerned the taxation of certain leasehold interests held by non-Indians to tribal lands. Title to the tribal land at issue was vested in the United States, but held in trust for the Suquamish tribe. Chief Seattle Properties, 86 Wash.2d at 9, 541 P.2d 699. In discussing the relationship between RCW 84.04.080 and RCW 84.36.010, this court stated:
The fee to land held by the United States belongs exclusively to the United States even though the United States holds the fee in trust for the Indian tribe. The word "exclusively" in RCW 84.36.010, found in an exemption statute, was apparently intended to eliminate an exemption to one not entitled to an exemption notwithstanding he owns the land with the United States which is entitled to the exemption.
Chief Seattle Properties, 86 Wash.2d at 22, 541 P.2d 699. We agree with this rationale. Applying it here, the word "exclusively" is intended to eliminate the exemption as to TCCC, a private entity not entitled to an exemption. Thus, the exemption in RCW 84.36.010 is consistent with the exemption in article VII, section 1.

CONCLUSION
We find Kennewick's 49 percent interest in the Coliseum is exempt from property taxes imposed by the County under both article VII, section 1 (amend.LXXXI) of the Washington Constitution and RCW 84.36.010. The City exclusively owns that interest for a statutorily declared public purpose. To the extent it is consistent, the judgment of the Superior Court is affirmed.
DURHAM, C.J., and DOLLIVER, SMITH, GUY and TALMADGE, JJ., concur.
SANDERS, Justice, (dissenting).
The Tri-Cities Coliseum is neither wholly nor partially exempt from property tax under RCW 84.36.010. I dissent from a contrary result.
*610 Washington Constitution article VII, section 1 (amend.81) states:
Property of the United States and of the state, counties, school districts and other municipal corporations ... shall be exempt from taxation.
Id.
RCW 84.36.010 implements article VII, section 1 (amend.81) by providing:
All property belonging exclusively to the United States, the state, any county or municipal corporation ... shall be exempt from taxation.
Id. (emphasis added).
The Tri-Cities Coliseum was owned by a joint venture comprised of the City of Kennewick (City) and the Tri-Cities Coliseum Corporation, a Washington corporation (TCCC). The joint venture agreement expressly provided:
Title to the Coliseum shall be taken in the name of the City of Kennewick, in trust for the benefit of Joint Venturers, TCCC and the City, as their interests may appear herein.
Clerk's Papers at 29 ("Coliseum Joint Venture Agreement" at 3).
Unless we were to find the statute unconstitutional (which the majority does not), the issue before us is whether a piece of property jointly owned by both the City of Kennewick and a private party fits within the statutory tax exemption which is limited to property "belonging exclusively" to a municipal corporation. The unavailability of this tax exemption is so clear it permits no denial.
RCW 84.36.010 predates the Washington Constitution as it was first enacted in 1854. RCWA § 84.36.010 Historical and Statutory Notes (West 1991). The "belonging exclusively" language was added in 1890, shortly after ratification of the state constitution.[1] Consequently, for 107 years, the Legislature has implemented article VII, section 1's exemption for "property of certain public entities as "property belonging exclusively" to the designated public entities. Early legislative constructions of constitutional provisions which prevail over time are entitled to great weight. State v. Reece, 110 Wash.2d 766, 779, 757 P.2d 947 (1988), cert. denied, 493 U.S. 812, 110 S.Ct. 59, 107 L.Ed.2d 26 (1989).
This result is also consistent with the long-standing practice of this court to narrowly construe tax exemptions as well. Unfortunate as it may seem to the taxpayer, "[t]axation is the rule, and exemption is the exception." Spokane County v. City of Spokane, 169 Wash. 355, 358, 13 P.2d 1084 (1932). Likewise, it is our rule that any legislative intention to create a tax exemption must be expressed in clear and unambiguous terms. Columbia Irrigation Dist v. Benton County, 149 Wash. 234, 240, 270 P. 813 (1928) ("[W]here there is an exception, the intention to make one should be expressed in unambiguous terms."); see also Spokane County, 169 Wash. at 358, 13 P.2d 1084 ("`All presumptions are against an intention of the State to bind itself by the exemption of property from taxation. Exemptions will be construed strictly and cannot be made by judicial construction to embrace other subjects than those plainly expressed.'") (citation omitted) (quoting Board of Directors of Stinson Mem'l Library v. Board of Review, 248 Ill. 590, 595, 94 N.E. 153 (1911)). This rule of strict construction applies equally against municipal corporations. Spokane County, 169 Wash. at 358, 13 P.2d 1084. Accordingly in Spokane County we applied the rule of strict construction and held that even though the City of Spokane held the legal title to a piece of property, it held it as a trustee for the benefit of a private party, and therefore concluded the property was not tax exempt. Id. at 360, 13 P.2d 1084. Spokane controls the result here and cannot be distinguished.
Had the framers intended to exempt property owned in part by a municipal corporation and in part by a private entity they certainly did not manifest that purpose. We are therefore bound to construe article VII, section 1 (amend.81) and RCW 84.36.010 as written to not exempt jointly owned property. We cannot construe the ordinary meaning of this statute, much less using the rules *611 of strict construction, to create an exemption where one does not exist. The only "property of a public entity owned exclusively by the entity is that which is owned solely by the entity. Such an exclusivity requirement is also required by the strong language in Spokane County which strongly disfavors exemptions. Spokane County, 169 Wash. at 358, 13 P.2d 1084.
While the majority finds this statute constitutional, it essentially defines the language of the statute out of existence. The majority cites Chief Seattle Properties, Inc. v. Kitsap County, 86 Wash.2d 7, 22, 541 P.2d 699 (1975) for the proposition that "exclusively" in RCW 84.36.010 "was apparently intended to eliminate an exemption to one not entitled to an exemption notwithstanding he owns the land with the United States which is entitled to the exemption." However, this language is dicta. Chief Seattle Properties concerned the correct construction of the term "property" in RCW 84.04.080. The court in Chief Seattle Properties referenced RCW 84.36.010 to show the use of the term "property" in the former statute did not mean "exclusively owned property." Chief Seattle Properties, Inc., 86 Wash.2d at 22, 541 P.2d 699. To read this statute as does the majority renders the term "belonging exclusively" superfluous. By the majority's holding, the tax exemption would still apply even if the government entity did not exclusively own the property, contrary to the clear statutory text. This would defeat the ordinary meaning of the text and thereby require the court to improperly interpret the statute by rendering a portion of it superfluous. Clark v. Pacificorp, 118 Wash.2d 167, 183, 822 P.2d 162 (1991), superseded in statute as stated in Gilbert H. Moen Co. v. Island Steel Erectors, Inc., 128 Wash.2d 745, 912 P.2d 472 (1996).
The majority's remaining argument is easily dismissed. As noted, Spokane County controls any argument that the property is tax exempt simply because the City alone holds paper title to the Coliseum. While this municipality holds paper title, it admittedly does so in part for the benefit of the Tri-Cities Coliseum Corporation, a private entity. Under the rule of Spokane County when the municipality does not own the property for its own exclusive benefit, the property fails the exemption test.
Exclusive municipal ownership of property as a prere quisite to tax exemption is required by precedent, constitutional text, and long-standing legislative implementation. This property is not exempt from taxation. I dissent.
ALEXANDER and MADSEN, JJ., concur.
NOTES
[1] At the time Spokane County was decided, the exemption, now found in article VII, section 1, was located in article VII, section 2. Amendment 14, adopted in 1930, struck all of article VII, sections 1-4 and substituted their current texts. See Laws of 1929, ch. 191, § 1, p. 499. This opinion references the exemption at its current location, article VII, section 1.
[2] Texas has since codified this rule: "property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes." Tex. Tax Code Ann. § 11.11(a) (West 1995).
[1] The Legislature began exempting all property belonging exclusively to any county or municipal corporation in 1895. Laws of 1895, ch. 176, § 2, at 510. The 1890 statute only exempted property belonging exclusively to the State or the United States. Laws of 1890, ch. 18, § 5, at 532.