[No. 30201.   Department Two.   December 1, 1947.]

F. R. AMENDE, *Appellant,* v. ROBERT FINKE *et al.,* *Respondents.*[1]

[1]Reported in 187 P. (2d) 317.

*Eggerman, Rosling & Williams (Robert G. Moch,* of counsel), for appellant.

*O. D. Anderson,* for respondents.

STEINERT, J.—This was an action brought by a bondholder to foreclose the lien of certain local improvement assessments which had been levied by a water district upon lands within its area, and to have those lands sold to satisfy certain outstanding bonds which had been issued by the district for the purpose of raising funds to meet the cost of local improvements therein. Prior to the commencement of the action, Snohomish county had purchased the lands at general tax foreclosure sales and had resold them to the defendants in this action. A demurrer to the complaint on the ground that the pleading did not state a cause of action was interposed by the defendants and sustained by the court. Plaintiff elected to stand on his complaint and refused to plead further. The court thereupon entered judgment dismissing the action. Plaintiff appealed.

The material allegations of the complaint, which the demurrer admits to be true, may be summarized as follows: Swalwell Road Water District is a municipal corporation, duly organized and existing under the laws of the state of Washington. In 1931, the corporation by resolution created a local improvement district, hereinafter referred to as L.I.D. No. 1, which encompassed the lands involved in this action. By that same resolution, the water district authorized the making of certain improvements within L.I.D. No. 1, and levied assessments, payable in ten annual installments, against the lands situated therein to pay the cost of such improvements. On January 16, 1932, the water district duly issued and sold a series of L.I.D. No. 1 bonds, the proceeds of which were applied in payment of so much of the cost and expense of the foregoing improvements as had been assessed against the property within the local improvement district. Bonds in the aggregate amount of $2,100, maturing in 1944, are now owned or held for collection by plaintiff-appellant, F. R. Amende. Assessments against the

lands with which we are presently concerned became due and delinquent, and are now unpaid, in the sum of $1,424.93, inclusive of penalty and interest. After these assessments became delinquent, Snohomish county in the years 1939 and 1940 foreclosed upon the lands for its delinquent general taxes and at the foreclosure sales bought in the property. Thereafter, the county resold the lands to the respondents herein, who are now the record owners thereof. In the foreclosure action brought by the county, no service of process was had upon Swalwell Road Water District or L.I.D. No. 1.

The lack of service alleged in the complaint and now stressed and relied upon by the appellant as the basis for the relief sought by him is the fact that the county treasurer did not mail a copy of the published summons in the general tax foreclosure proceeding to the treasurer of Swalwell Road Water District, within which the property being foreclosed is situated.

It is agreed between the parties that the sole question involved in this action is this: In a county foreclosure for general taxes, are local improvement assessment liens of a water district against the lands which are involved in the foreclosure action cut off when a copy of the published summons in such foreclosure was not mailed to the treasurer of the water district? The trial court answered this question in the affirmative.

In the opening part of his brief, appellant expressly concedes that if, in an action to foreclose upon land for general taxes, the statutory law of this state does not require a copy of the summons in such foreclosure action to be mailed to the treasurer of the water district wherein such land lies, then the appellant has not stated a cause of action. It is his contention, however, that the statutory law does require such mailing, and that, if such requirement is not fulfilled, the lien against the lands for water district assessments is not cut off by the general tax foreclosure action. It thus becomes necessary to examine the statutes which bear upon the question.

Rem. Rev. Stat. (Sup.), § 11278 [P.P.C. § 979-291], prescribes the method for foreclosing certificates of tax delinquency issued to the county. In so far as is material here, that section provides:

"After the expiration of five years from the date of delinquency, when any property remains on the tax rolls for which no certificate of delinquency has been issued, the county treasurer shall proceed to issue certificates of delinquency on said property to the county, and shall file said certificates when completed with the clerk of the court, and the treasurer shall thereupon, . . . proceed to foreclose in the name of the county, the tax liens embraced in such certificates, and the same proceedings shall be had as when held by an individual [Rem. Rev. Stat., § 11276]: *Provided,* That notice and summons may be served or notice given exclusively by publication in one general notice, describing the property as the same is described on the tax rolls. *It shall be the duty of the county treasurer to mail a copy of the published summons, within fifteen (15) days after the first publication thereof, to the treasurer of each city or town within which any property involved in a tax foreclosure is situated, but the treasurer's failure to do so shall not affect the jurisdiction of the court nor the priority of any tax sought to be foreclosed.* . . ." (Italics ours.)

It will be observed that the portion of the statute which we have italicized requires that the county treasurer mail a copy of the published summons, within the time specified, to the treasurer of each *city or town* within which any property involved in a tax foreclosure proceeding is situated. There is no provision, however, requiring such mailing to the treasurer of any *water district.*

Rem. Rev. Stat., § 9393 [P.P.C. § 401-77], relating to actions by holders of certificates of delinquency for general taxes and making provision for payment of all local assessments by the holder of such certificate or else acquisition of title to the property by him subject to such assessments, also contains a provision identical with that appearing in the italicized portion of Rem. Rev. Stat. (Sup.), § 11278, quoted above. Again it is to be noted, however, that this section requires mailing of copy of published summons to the treasurers of *cities and towns* within which any prop-

erty involved in a tax foreclosure proceeding is situated, but does not require that a copy be mailed to the treasurer of any *water district.*

Rem. Rev. Stat. (Sup.), § 11587 [P.P.C. § 994-19], relating to water districts, is the statute upon which appellant most confidently relies, contending that under its provisions the county treasurer was required to mail to the treasurer of the water district a copy of the published summons in the tax foreclosure proceeding. That statute, in so far as it is material here, provides:

"Said water district shall have the power to establish local improvement districts within its territory; to levy special assessments under the mode of annual installments extending over a period not exceeding twenty years on all property specially benefited by any local improvement on the basis of special benefits to pay in whole or in part the damages or costs of any improvements ordered in such water district; to issue local improvement bonds in any such improvement district to be repaid by the collection of local improvement assessments: *Provided, That the levying, collection and enforcement of all public assessments and issuance of bonds hereby authorized shall be in the manner now and hereafter provided by law for the levying, collection and enforcement of local improvement assessments and the issuance of local improvement bonds by cities of the first class in so far as the same shall not be inconsistent with the provisions of this act."* (Italics ours.)

By this same section of the statute, the county treasurer is required to perform the duties of treasurer of the respective water districts within his county.

It is the contention of the appellant, as expressed in his reply brief, that the following portion of Rem. Rev. Stat., § 9393, reading:

"It shall be the duty of the county treasurer to mail a copy of the published summons within fifteen days after the first publication thereof to the treasurer of each city or town within which any property involved in a tax foreclosure is situated, . . ."

is made applicable to water districts, by force of that provision of Rem. Rev. Stat. (Sup.), § 11587, which reads:

". . . the levying, collection and enforcement of all public assessments [of water districts] . . . shall be in the manner now and hereafter provided by law for the levying, collection and enforcement of local improvement assessments . . . by cities of the first class, . . ."

and that therefore the county treasurer must so mail a copy of the summons in a general tax foreclosure suit to the treasurer of the water district within which lies the property being foreclosed.

Appellant's argument may be expressed in the form of a syllogism, thus: (a) In tax foreclosure proceedings, it is the duty of the county treasurer to mail a copy of the published summons to the treasurer of each *city or town* within which any property involved in the tax foreclosure is situated; (b) the levying, collection, and enforcement of all public assessments and the issuance of bonds by a *water district* shall be in the same manner as provided by law for the levying, collection, and enforcement of local improvement assessments and the issuance of local improvement bonds by *cities of the first class*; (c) therefore, the county treasurer must mail a copy of the published summons in a tax foreclosure proceeding to the treasurer of each *water district* within which any property involved in the tax foreclosure proceeding is situated.

If this argument be sound, it must be upon the theory that, since the manner of levying, collecting, and enforcing public assessments and issuance of bonds is by statute expressly made the same for water districts as for cities of the first class, it must follow that *water districts* are entitled to the same notice of published summons in tax foreclosure actions as the statute expressly requires shall be given to *cities and towns.*

Accepting both the major and the minor premise of appellant's argument, we do not believe that the expressed conclusion follows. The wording and purposes of the various statutes above cited are definite and clear, and, in our opinion, lead to but one conclusion on the question here involved.

Section 11278 (chapter 17, Laws of 1937, p. 43), quoted above, deals with the procedure for foreclosing certificates of tax delinquency issued to the county. Section 9393 (chapter 143, Laws of 1929, p. 364)´ deals with the procedure for foreclosing certificates of tax delinquency when local assessments are outstanding. Both of these statutes contain the provision requiring the county treasurer to mail a copy of the published summons to the treasurer of each city or town within which any property involved in a tax foreclosure proceeding is situated. Neither of them, however, requires that a copy of the summons be mailed to the treasurer of any water district. These two sections relate only to the foreclosure of certificates of general tax delinquency; they have nothing whatever to do with "the levying, collection and enforcement" of public assessments of water districts. As stated by the trial court when, in its memorandum decision, it analyzed these two sections of the statute:

"But it still is that there is no requirement of the mailing of a copy of the published summons to the treasurer of the water district. Courts can not make it so by straining of words or by departure from reason. Such is for the legislature to provide, if it shall be at all."

If one should ask, or be led to inquire, why the legislature did not provide that copies of the published summons be mailed to the treasurers of the water districts as well as to the treasurers of cities and towns, we have not far to go for at least one logical and satisfactory answer. The purpose of sending such notices to the treasurers of cities and towns is to afford those officers an opportunity to protect the financial interests of those particular municipalities with reference to their local improvement assessments. The county treasurer is distinct from the city or town treasurer, and hence notice from the county officer to the municipal officer is necessary in order to give the latter the opportunity to protect the liens of such assessments. On the other hand, the treasurer of the water district and the county treasurer are one and the same person. To require the county treasurer to mail a copy of the published summons

to the treasurer of the water district, would amount to a requirement that he mail such copy to himself. As treasurer of the water district, he has actual notice of the general tax foreclosure proceeding instituted by himself, and the mailing of a copy of the published summons would be a superfluous and useless thing.

Turning now to § 11587, from which we have quoted above, we observe that it is a part of the water district act and relates to the powers of such districts and to the manner of exercising and enforcing certain of those powers. That statute simply provides the procedure which a water district shall follow in the levying, collection, and enforcement of *its own* local improvement assessments and the issuance of *its own* bonds; that procedure is, by reference, made the same as that which is to be followed by cities of the first class when levying, collecting, or enforcing their own local improvement assessments or issuing their own bonds. That section has nothing whatever to do with the procedure for foreclosing delinquent general taxes. Neither by express declaration nor by implication does it require that a county treasurer shall mail to the treasurer of the water district a copy of the published summons in the tax foreclosure proceeding.

Appellant cites and largely relies upon the case of *State ex rel. King County Water Dist. v. Stacy,* 10 Wn. (2d) 248, 116 P. (2d) 356, as sustaining his complaint. That case did hold, *inter alia,* that foreclosure of assessments by a city or town and subsequent resale of the property to realize funds with which to discharge local improvement obligations constituted a part of the "collection and enforcement" of the assessments; and, further, that redemption by a city or town from a general tax foreclosure lien or sale likewise constituted a part of the collection and enforcement of the assessments. The sole question in that case, with reference to which the above holdings were expressed, was whether a water district which had levied local improvement assessments upon property was entitled to redeem such property from sale to the county at a general tax foreclosure sale, and before resale by the county, by paying the face amount

of the general taxes with costs, but without penalty or interest. We held that the water district was entitled to so redeem.

The *Stacy* case, *supra,* simply made clear that the legislature had established a uniform method as between cities and towns on the one hand, and water districts on the other, for the levying and collection of local improvement assessments, and that the right of redemption on the part of the water district is a part of the process of "levying, collection and enforcement" of local improvement assessments by water districts. The case in no way holds or indicates that the duties of the county treasurer in mailing notice of the published summons in tax foreclosure proceedings are any greater or other than as prescribed in Rem. Rev. Stat. (Sup.), § 11278.

Since, in our opinion, the statute does not require the county treasurer to mail to himself as treasurer of the water district a copy of the published summons in a general tax foreclosure proceeding, we conclude that appellant's complaint did not state a cause of action.

The judgment is affirmed.

MALLERY, C. J., BEALS, ROBINSON, and JEFFERS, JJ., concur.